UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

---

CLINTON HENDERSON and
ANDREW OLINDE, individually and
on behalf of all other similarly situated
individuals,

      Plaintiffs,

v.

1400 NORTHSIDE DRIVE, INC. d/b/a
SWINGING RICHARDS,

      Defendant.

Civil Action No.: 1:13-cv-3767-TWT

---

**COLLECTIVE ACTION COMPLAINT**
_____

Plaintiffs Clinton Henderson and Andrew Olinde ("Plaintiffs"), by and through their attorneys, Mays & Kerr, LLP and Nichols Kaster, PLLP, on behalf of themselves and the Collective as defined below, bring this Collective Action Complaint against 1400 Northside Drive, Inc. d/b/a Swinging Richards ("Defendant"). Plaintiffs allege as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331 because this

action asserts claims arising under federal law, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

3. Defendant is a domestic corporation with its principal place of business located at 1400 Northside Dr. NW, Atlanta, GA 30318. Defendant operates clubs in Atlanta, Georgia and in Pompano Beach, Florida. At times relevant to this action, Defendant qualifies as Plaintiffs' and the Collective's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

4. Plaintiff Clinton Henderson is an adult resident of Fulton County, Georgia. During relevant times, Henderson worked as an entertainer for Defendant and qualified as an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

5. Plaintiff Andrew Olinde is an adult resident of Harrison County, Mississippi. During relevant times, Olinde worked as an entertainer for Defendant and qualified as an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

6. Plaintiffs have consented in writing to assert claims for unpaid minimum wages under the FLSA, 29 U.S.C. § 216(b). (See Ex. A.) To date, thirteen opt-in Plaintiffs have also consented to bring claims against Defendant by

filing a consent form with this Court.  (See Ex. B.)  As this case proceeds, it is likely that other individuals will sign consent forms and join this action as opt-in Plaintiffs.

## FACTUAL ALLEGATIONS

7. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

8. Plaintiffs and the Collective worked for Defendant as male exotic dancers ("entertainers") during the statutory period.

9. Entertainers are integral to Defendant's business operations.

10. Defendant is a fully nude, adult entertainment club.

11. Defendant advertises its entertainment, in part, on its website, blog, Facebook, Twitter, its newsletter, and in magazines ads.

12. According to its website, Defendant boasts itself as "the destination of choice for gay men seeking the best in adult entertainment."

13. Defendant handles all disputes between customers and entertainers. As explained on its website:  "Swinging Richards reserves the right to refuse entrance to anyone at any time. Anyone unable or unwilling to comply with the rules of the club will be escorted out of the club."

14. Its customers pay an admission for entry and adhere to a drink minimum as set by Defendant. In exchange, entertainers entertain customers at Defendant's direction and control.

15. At relevant times, as non-exclusive examples, Defendant directed and controlled entertainers in the following ways:

a) Before hiring them, requiring entertainers to remove their clothing so that Defendant can inspect their bodies and ensure that they meet its standards;

b) Directing entertainers to sign non-compete agreements, prohibiting them from working at other clubs, and/or telling the entertainers that they were prohibited from working at other clubs;

c) At its discretion, imposing scheduling requirements on entertainers;

d) Requiring entertainers to sign in at the beginning of their shifts and to sign out before they leave;

e) Setting entertainers' music, rotation, and disrobing sequence for stage dances;

f) Setting the minimum rates charged for certain services, such as VIP and private room usage;

g) Restricting entertainers' personal guests permitted to be on the premises while entertainers worked;

h) Requiring entertainers to stay at the club until close each night;

i) Breathalyzing entertainers at the end of the night; and

j) Forbidding entertainers from socializing at the club outside of work hours.

16. Defendant communicates many of these and other restrictions to entertainers through meetings, direct communication by management, and its "Rules and Regulations" sign, which it posts in the dressing room.

17. Defendant enjoys the discretion to create, implement, and enforce rules and restrictions for its entertainers as it sees fit.

18. When entertainers violate rules, Defendant has the authority to fine, suspend, or terminate them.

19. Entertainers work for Defendant as employees in fact. Nevertheless, Defendant considers entertainers to be "independent contractors."

20. Defendant misclassifies entertainers in order to avoid paying them a minimum wage as required by law.

21. Indeed, Defendant does not pay entertainers *any* wages or other compensation for the work it suffers or permits them to perform.

22. Defendant instead requires entertainers to pay the club as a precondition to working at the facility. Defendant requires entertainers pay, for example, nightly house fees.

23. Defendant also imposes fines. At relevant times, Defendant has issued fines to entertainers for the following offenses: arriving late to the club, being late to perform on stage, performing unauthorized gestures on stage, and engaging in prohibited interactions with customers (for example, dancing for a woman).

24. Further, even though Defendant does not pay the entertainers wages, Defendant requires them to tip out other workers, such as the DJ, the doorman, and security, at the end of each night.

25. Defendant cannot avail itself of the federal tipped minimum wage rate because Defendant does not provide notice to its employees of its intention to take a tip credit and because Defendant forbids its entertainers from keeping all of their tip money. *See* 29 U.S.C. § 201.

26. Because Defendant directly controls entertainers, it is aware that entertainers work as employees in fact; yet, Defendant still fails to classify entertainers as employees under federal law.

27. Defendant's failure to pay entertainers prescribed wages is willful and recklessness, in part, because (1) entertainers who worked under similar circumstances have been found to qualify as "employees" under the FLSA in a similar case in this district, see Clincy v. Galardi S. Enter., Inc., 808 F. Supp. 2d 1326 (N.D. Ga. 2011); and (2) Defendant was aware of Clincy.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

29. Like Plaintiffs, there are members of this putative Collective who are or were legally employed by Defendant who have also been denied minimum

wages. These individuals would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join by filing their written consent. Defendant can readily identify these similarly situated entertainers through its business records.

30. Plaintiffs therefore bring Count One of this Complaint pursuant to the FLSA, 29 U.S.C. § 216(b) as a putative Collective on behalf of themselves and other similarly situated entertainers. Specifically, this putative Collective includes:

> all persons who work(ed) as entertainers for Defendant at its Atlanta, Georgia location at any time within three years of the filing of this Complaint.

## COUNT ONE
## MINIMUM WAGE VIOLATION
### Fair Labor Standards Act, 29 U.S.C. § 201, et. seq.

31. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

32. The FLSA requires covered employers to pay employees no less than $7.25 for each hour worked in a workweek. 29 U.S.C. § 206.

33. The minimum wage requirement must be satisfied "free and clear" of any deductions or "kickbacks." 29 C.F.R. § 531.35 ("For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek

when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act.").

34. Defendant is an "enterprise," as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (s)(1).

35. Defendant is an "employer" of Plaintiffs and the Collective, who are "employees in fact," as defined by the FLSA, 29 U.S.C. § 203(d), (e)(1), (g).

36. Defendant failed to pay Plaintiffs and the Collective *any* wages, much less free and clear minimum wages.

37. In failing to provide wages at the minimum rate, Defendant violated the FLSA.

38. Defendant did not and has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiffs and the Collective.

39. Defendant knew Plaintiffs and the Collective worked as employees in fact, and it willfully failed and refused to pay Plaintiffs and the Collective the required minimum wages.

40. Defendant's willful failure and refusal to pay Plaintiffs and the Collective minimum wages for time worked violates the FLSA. 29 U.S.C. § 206.

41. As a result of these unlawful practices, Plaintiffs and the Collective suffered and continue to suffer wage loss and are therefore entitled to recover

unpaid minimum wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and all others similarly situated, pray for judgment against Defendant as follows:

    a.    A finding that Plaintiffs and the Collective are similarly situated;

    b.    Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

    c.    Authorization for the prompt issuance of notice to all those similarly situated employees, apprising them of the pendency of this action and providing them with the opportunity to assert timely FLSA claims by filing individual consent forms;

    d.    Judgment that Plaintiffs and the Collective are non-exempt employees entitled to protection under the FLSA;

    e.    Judgment against Defendant for violation of the minimum wage provisions of the FLSA;

    f.    Judgment that Defendant acted willfully and without good faith in violating the FLSA;

    g.    An award to Plaintiffs and those similarly situated for the amount of unpaid minimum wages owed free and clear, and liquidated damages;

    h.    An award of prejudgment interest to the extent liquidated damages are not awarded;

    i.    An award of reasonable attorneys' fees and costs;

j.  Leave to add additional plaintiffs by the filing of written consent forms, or any other method approved by the Court; and

k.  For such other relief as the Court may deem just.


Dated:  November 13, 2013        **MAYS & KERR, LLC**

/s/ Jeff Kerr
Jeff Kerr, GA Bar No. 634260
John Mays, GA Bar No. 986574
235 Peachtree St. NE #202
Atlanta, GA  30303
Telephone: (404) 410-7998
Fax: (404) 855-4066
jeff@maysandkerr.com
john@maysandkerr.com

**NICHOLS KASTER, PLLP**
Paul J. Lukas, MN Bar No. 22084X*
Timothy C. Selander, MN Bar No. 0387016*
Nicholas D. Thompson, MN Bar No. 0389609*
Anna Prakash, MN Bar No. 0351362*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
lukas@nka.com
selander@nka.com
nthompson@nka.com
aprakash@nka.com
*pro hac vice admissions forthcoming*

**ATTORNEYS FOR PLAINTIFFS AND THE COLLECTIVE**