# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

CLINTON HENDERSON and
ANDREW OLINDE, individually and
on behalf of all other similarly situated
individuals,

                                        Civil Action No.: 1:13-cv-3767-TWT

        Plaintiffs,

v.

1400 NORTHSIDE DRIVE, INC. d/b/a
SWINGING RICHARDS,

        Defendant.

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT (RULE 12(E)) AND, ALTERNATIVELY, TO DISMISS FOR A FAILURE TO STATE A CLAIM (RULE 12(B)(6)

## INTRODUCTION

Plaintiffs Clinton Henderson and Andrew Olinde ("Plaintiffs") filed this case on November 13, 2013 against Defendant 1400 Northside Drive, Inc. d/b/a/ Swinging Richards ("Defendant"). (ECF No. 1.) Defendant did not answer and, instead, has moved for a more definite statement pursuant to Fed. R. Civ. P. 12(e) with a request in the alternative for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Defendant's sole basis for its motion is that Plaintiffs' Complaint allegedly fails to

plead facts sufficient to show Defendant is subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq*.  (ECF No. 20-1.)  Specifically, Defendant argues that Plaintiffs have not pled facts sufficient to show that Defendant is engaged in commerce so as to subject Defendant to the FLSA's requirements.  (*Id.*)  Out of an abundance of caution and as is their right under Fed. R. Civ. P. 15(a)(1)(B), Plaintiffs filed a First Amended Complaint to amplify their allegations regarding FLSA coverage.  (ECF No. 24.)  Accordingly, as discussed herein, Defendant's motion must be denied as moot.

## ARGUMENT

## I.   LEGAL STANDARD.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  "[C]ourts disfavor motions for a more definite statement and generally deny them when they only seek information that is readily available through discovery." *U.S. Commodity Futures Trading Com'n v. Giddens*, No. 1:11-cv-2038-WSD, 2012 WL 603592, *3 (N.D.Ga. Feb. 24, 2012).  This is because Rule 12(e) is meant to remedy inadequate complaints to which defendants cannot reasonably be expected to respond.  *Id.*  However, where a complaint satisfies the pleading requirements of Fed. R. Civ. P. 8, then the complaint should also be sufficient for Rule 12(e)

purposes. *Id.* (citing *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555–56 (2007); *McQueen v. Woodstream Corp.,* 244 F.R.D. 26, 34 (D.D.C.2007); *U.S. v. Ga. Power Co.,* 301 F.Supp. 538, 543–44 (N.D.Ga.1969).

When examining the sufficiency of pleading under a Rule 12(b)(6) motion to dismiss, "a federal court is to accept as true all facts set forth in the plaintiff's complaint." *Montoya v. Branch Banking & Trust Co.*, No. 1:11-CV-01869-RWS, 2012 WL 826993, *2 (N.D.Ga. March 9, 2012) (internal citations and quotations omitted). The facts alleged must raise the right to relief above the speculative level; however, the pleading standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Id.* (internal citations and quotations omitted).

In response to a motion for a more definite statement under Fed. R. Civ. P. 12(e) or a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff who has not already amended his complaint may file an amended complaint as of right. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within[,] if the pleading is one to which a responsive pleading is required… 21 days after service of a motion under Rule12(b), (e), or (f)."); *see also E.E.O.C. v. Joe's Stone Crabs, Inc.,* 296 F.3d 1265, 1269 (11th Cir. 2002); *McInnis v. Duncan*, 697 F.3d 661, 663 (7th Cir. 2012) ("the court denied as moot the agency's

motion to dismiss [plaintiff's] initial complaint in light of the 'amended' version.").

Here, Plaintiffs' First Amended Complaint was filed in response to Defendant's motion for a more definite statement and, accordingly, moots the motion. Moreover, the First Amended Complaint completely satisfies the federal pleading requirements. For these reasons, Defendant's motion must be denied.

## II. PLAINTIFFS' FIRST AMENDED COMPLAINT SUFFICIENTLY ALLEGES FLSA COVERAGE.

"Either individual coverage or enterprise coverage can trigger [coverage under] the FLSA. *See Galdames v. N & D Inv. Corp.*, 432 Fed.Appx. 801, 803, 2011 WL 2496280, *1 (11th Cir. June 23, 2011). Critically, "within the tests of coverage fashioned by Congress, the [FLSA] has been construed liberally to apply to the furthest reaches consistent with congressional direction." *Preston v. Settle Down Enter., Inc.*, 90 F.Supp.2d 1267, 1273 (N.D.Ga. 2000). In fact, "[s]ince its original enactment in 1938, Congress has amended the FLSA three times, each time enlarging the number of entities subject to coverage...." *Polycarpe v. E&S Landscaping Service, Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010). Indeed, enterprise coverage is far-ranging, triggered merely if an employer:

1. "has employees engaged in commerce or in the production of goods for commerce, or [ ] has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and

2. has at least $500,000 of "annual gross volume of sales made or business done."

29 U.S.C. § 203(s)(1)(A). The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).  Here, Plaintiffs' First Amended Complaint ("FAC") sufficiently alleges both prongs of enterprise coverage.

First, the FAC alleges that Defendant "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."  (ECF No. 24 at ¶ 40.)  Specifically, Defendant, who maintains a liquor license, offers its customers the opportunity to spend time with nude male entertainers in an environment with alcohol.  (*Id.* at ¶¶ 10, 15.)  In fact, Defendant's website has entire webpage devoted to its bar, listing some of the alcohol choices it offers, including imported liquor and beer.  (*Id.* at ¶ 15.) Defendant, in fact, sells imported liquor and beer at the club.  (*Id.*)  Defendant's homepage, under a section titled "All Male All Nude All Night" also lists the prices for its well drinks and states "Our bartenders, shooter boys, and waiters only pour the best alcohol…."  (*Id.*)  Customers are required to be 21 years old to enter the club.  (*Id.*) Defendant's VIP Lounge (a section in the club) also has a separate bar. (*Id.*)  The FAC also alleges that Defendant controls the entire club, including providing the stage, furniture, lighting, sanitation, music, and other amenities.  (*Id.*

at ¶ 17.)  These items of furniture and décor contribute to the aesthetic Defendant desires to maintain at the club, many likely passing through interstate commerce at some point prior to arrival at Defendant's club.  (*Id.* at ¶¶ 17, 41 ("Additionally, Defendant routinely has out of state customers and provides amenities from and aesthetics derived from outside of Georgia.").)

These facts are more than sufficient to plead enterprise coverage.  The provision of alcohol – goods or materials which have been moved in interstate commerce – has a significant connection to Defendant's business, which is designed to offer its customers the opportunity to spend time with nude men in an alcohol-laden environment.[1]  *See Polycarpe v. E&S Landscaping Service, Inc.*, 616 F.3d 1217, 1226 (11th Cir. 2010) ("Returning to our example of china dinner plates that are produced out of state, for a caterer that uses the china plates while providing catering services, the plates count as 'materials' [under the FLSA's interstate commerce requirement] because they have a significant connection to the business's commercial activity of catering.").  It does not matter that Plaintiffs may not be physically serving the alcohol themselves.  Employers who have

---

[1] Defendant argues that goods which had moved in interstate commerce prior to employees' use are insufficient to trigger enterprise coverage.  Defendant is wrong. This Circuit has explicitly rejected this so-called "coming to rest" doctrine.  See *Galdames*, 432 Fed. Appx. at 804 (citing *Polycarpe,* 616 F.3d at 1221 ("[T]he legislation was designed to regulate enterprises dealing in articles *acquired intrastate* after travel in interstate commerce.'").  Moreover, Defendant relies on cases that exclusively address individual, not enterprise, coverage and, for this reason, are entirely distinguishable.

"employees (not necessarily [p]laintiffs specifically) handling, selling, or otherwise working on *goods or materials* that *have been* moved in or produced for commerce *by any person*" is sufficient to satisfy the first prong of the enterprise coverage requirement. *Id.* at 1221 (last emphasis added); *Diaz v. Jaguar Restaurant Group, LLC*, 649 F.Supp.2d 1343, 1353-1354 (S.D.Fla.,2009) ("And enterprise coverage exists even if Plaintiff cannot show that he or other employees were directly engaged in the actual movement of goods in commerce.").[2]

Second, the FAC alleges that "Defendant's annual volume of sales made or business done is not less than $500,000." (ECF No. 24 at ¶ 17-18, 42.) This allegation is further supported by allegations regarding the large size of Defendant's customer base and the cover charges they are required to pay to Defendant.

Notably, these types of facts have been held to be sufficient to show enterprise coverage in a case that, like this one, involved misclassification of exotic dancers by a strip club. *See Reich v. Priba Corp.*, 890 F.Supp. 586, 590 (N.D.Tex.

---

[2] Additionally, the FAC's allegations about the interstate nature of the furniture and other materials which contribute to the aesthetic and main purposes of the club further support enterprise coverage. (ECF No. 24 at ¶ 17.) *See Diaz*, 649 F.Supp.2d at 1347 (S.D.Fla. 2009) ("Defendants in response do not dispute that many of the products they purchase from local distributors are likely manufactured out-of-state....That is not surprising for a restaurant, which uses heavy appliances for food preparation, and relies on food products and beverages that originate in different parts of the country and, indeed, different parts of the world. The most essential "materials" required to operate a typical restaurant like this one have undoubtedly traveled in interstate or foreign commerce.").

1995) (holding, in exotic dancer misclassification case, defendants to be an "enterprise engaged in commerce" because they had employees handling, selling, or otherwise working on alcoholic beverages that have moved in interstate commerce and grossed over $500,000 annually).   This case is no different. Defendant is an enterprise covered under the FLSA.

## CONCLUSION

For these reasons, Defendant's motion is moot and must be denied.

Dated: January 2, 2014                **NICHOLS KASTER, PLLP**

                                         /s/ Anna P. Prakash
                                        Paul J. Lukas, MN Bar No. 22084X*
                                        Timothy C. Selander, MN Bar No. 0387016*
                                        Anna Prakash, MN Bar No. 0351362*
                                        4600 IDS Center, 80 South 8th Street
                                        Minneapolis, MN 55402
                                        Telephone: (612) 256-3200
                                        Fax: (612) 215-6870
                                        lukas@nka.com
                                        selander@nka.com
                                        aprakash@nka.com
                                        *admitted pro hac vice

                                        **MAYS & KERR, LLC**
                                        Jeff Kerr, GA Bar No. 634260
                                        John Mays, GA Bar No. 986574
                                        235 Peachtree St. NE #202
                                        Atlanta, GA  30303
                                        Telephone: (404) 410-7998
                                        Fax: (404) 855-4066
                                        jeff@maysandkerr.com
                                        john@maysandkerr.com

**ATTORNEYS FOR PLAINTIFFS AND
THE COLLECTIVE**