## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**CLINTON HENDERSON, et al.,**
       **Plaintiffs**

                         **Civil ActionNumber**
**v.**                        **1:13-cv-3767-TWT**

**1400 NORTHSIDE DRIVE, INC.,**
       **Defendant**

## ANSWER TO AMENDED COMPLAINT,  COUNTERCLAIM
## AND
## DEMAND FOR A JURY TRIAL

**1400 NORTHSIDE DRIVE, INC.,** for its answer to the amended complaint of the plaintiffs and members of the "collective" (collectively referred to below as "plaintiffs"), admits, denies and avers as follows:

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that any or all of the plaintiffs are found to be entitled to have been paid the minimum wage by defendant, they have already been paid more than that amount.

1

## THIRD AFFIRMATIVE DEFENSE

To the extent that any or all of the plaintiffs are found to be entitled to have been paid the minimum wage by defendant, the defendant is entitled to recoup from each of the plaintiffs the service charge amounts in excess of the minimum wage, which amounts were imposed by the defendant on its customers and paid by the defendant to or retained by plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that any or all of the plaintiffs are found to be entitled to have been paid the minimum wage by defendant, the defendant is entitled to have offset against any amount determined to be owed by the service charge amounts imposed by the defendant on its customers and paid to or retained by the plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of the plaintiffs' claims are barred by the statute of limitations.

## SUBSTANTIVE RESPONSES

1.    Defendant admits, with respect to the allegations contained in paragraphs 1 and 2 of the complaint that this Court has jurisdiction of the subject matter of the complaint and that venue is proper in this district, and admits the allegations contained in the first sentence of paragraph 3, in paragraphs 10, 12, 13 and 15, in the second sentence of paragraph 16, in paragraph 17, in the first and second sentences of paragraph 19, in the second sentence of paragraph 27,and in paragraphs 30 and 42, of the amended complaint.

2.    Defendant denies the allegations contained in the second and third sentences of paragraph 3, in the second sentences of paragraphs 4 and 5, and in paragraphs 8, 9, 11 (but admits that it presents such entertainment), in the first sentence of paragraph 16, in paragraph18 (but admits that it charges a cover charge), in the third sentence of paragraph 19, in paragraphs 20 and 21 (but admits that it communicates with its entertainers in various ways), and in paragraphs 22, 23, 24, 25, and 26, in the first sentence of paragraph 27, in paragraphs 28, 29 (although it admits that entertainers tip various others at the club), 31, 32, 34, 36, 37, 38, 39, 40, 41 (although it admits that some of its customers reside outside the State of Georgia), 44, 46, 47, 48

and 49 of the amended complaint.

3.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentences of paragraphs 4 and 5, and in paragraphs 6 and 9, and in the first sentence of paragraph 13, in paragraph 14, in the fourth and fifth sentences of paragraph 19, and in paragraph 35 of the amended complaint, and therefore denies them.

4.      In response to the allegations contained in paragraphs 7, 33, and 36 of the amended complaint, defendant incorporates its responses to the paragraphs referred to therein.

5.      The allegations contained in paragraphs 37, 38, 39, 40, 43, and 45 of the amended complaint are legal conclusions which need be neither admitted nor denied but, to the extent that such paragraphs allege facts, this defendant denies them and this defendant denies that any plaintiff is entitled to any relief against it.

6.     Defendant denies each and every allegation contained in the plaintiffs' amended complaint which is not expressly and explicitly admitted in this answer and denies each and every inference adverse to it which might be drawn from any such admission contained in this answer.

7.     Plaintiffs' actions giving rise to this lawsuit were taken in bad faith and have caused the defendant unnecessary trouble and expense.

**WHEREFORE**, having fully answered plaintiffs' amended complaint, defendant asks that the same be dismissed, that the plaintiffs take nothing, that judgment be entered against the plaintiffs and in favor of the defendant for its costs of this action (including a reasonable attorney's fee) and for such other and further relief as the Court deems just in the circumstances.

## COUNTERCLAIM

**1400 NORTHSIDE DRIVE, INC.** (referred to below as "1400 Northside"), for its counterclaim against **CLINTON HENDERSON** and **ANDREW OLINDE** and each of the members of the "Collective" (who are referred to below jointly as "plaintiffs" or "counterclaim defendants"), alleges as follows:

5

## Jurisdiction and Venue

1.    This counterclaim is a compulsory counterclaim and this Court therefore has

jurisdiction over its subject matter.  Venue is proper in this Court because

the counterclaim defendants initiated this action in this Court.

## Substantive allegations

2.    It was the responsibility of each of the plaintiffs to record accurately the

hours during which he was present in the club by signing in and signing out

on the forms provided by the club.

  a.    Plaintiffs often failed properly to fill out the time forms, thus making

it impossible to determine with certainty the time of either his arrival

at the club, or his departure from the club, or both.

  b.    During the time that each of the plaintiffs was present in the club, he

was responsible for deciding how many hours he would work.

  c.    Based on information available to 1400 Northside, it is estimated that

on average an entertainer works no more than 6 hours on any day that

(1) the club is open and (2) he chooses to perform at the club.

3.    Each of the plaintiffs made certain representations and promises and

acknowledged certain understandings in order to induce 1400 Northside to

permit him to perform as an entertainer in Swinging Richards.

    a.    Among those acknowledgments and understandings was that he

acknowledged and agreed that 1400 Northside would not be

responsible for compensating him in any way for the performances

which he presented at Swinging Richards and that his compensation

would be provided directly by customers of Swinging Richards.

    b.    Among those acknowledgments and representations was that he was

an independent contractor, responsible for filing any and all necessary

tax returns and paying all taxes owed on his earnings.

    c.    Among those acknowledgments and understandings was that,

although 1400 Northside imposed on its customers certain minimum

fees and charges, entertainers would be permitted to retain (or to

receive) such fees (less certain deductions, enumerated below in

subparagraph 2.d.) as were associated with the entertainment that they

provided to their customers.  During the three years prior to the filing

of this suit, those minimum service charges were, among others:

    i.    A $10.00 minimum charge for a table dance performed by a dancer in the main room of Swinging Richards;

    ii.    A $20.00 minimum charge for a dance performed by a dancer in the VIP Lounge or in a private VIP room; and

    iii.    A minimum charge for using a VIP room with a dancer:

        (1)    a $110.00 minimum charge for a 15-minute session;

        (2)    a $220.00 minimum charge for a 30-minute session; and

        (3)    a $440.00 minimum charge for a 60-minute session.

    iv.    Any amounts paid in excess of these minimums are considered tips paid to the dancers by the customers.

d.    From the minimum charges imposed by the club for the use of the VIP rooms with dancers, the following amounts are (and were) deducted from the amounts received (or retained) by the dancers:

    i.    If a customer put his charges for dances or for entry to the VIP lounge or for the use of a VIP room on a credit or debit card, the defendant would charge the dancer a 10% fee for credit card processing and would, at the end of the night, pay the balance to the dancer;

8

ii.  The dancer is charged a rental fee for use of the VIP room:

    (1)  $40.00 for a 15-minute session;

    (2)  $65.00 for a 30-minute session; and

    (3)  $120.00 for a 60-minute session

which is deducted from the amounts due to the dancer at the end of the night;

iii.  Each dancer customarily tips the DJ an amount up to 10% of the tips he has received in excess of the amounts paid to (or retained by) the club;

iv.  Each dancer pays to the defendant a "house fee" of $25.00 on weekend nights and $20.00 on weekday nights;

v.  Each dancer tips the doorkeeper $5.00.

4.  By bringing this lawsuit, each of the plaintiffs has repudiated his promises, agreements, representations and understandings concerning his compensation and each has breached his contract with defendant.

5.  By bringing this lawsuit, each of the plaintiffs has now asserted that he was entitled to have  been and now desires to have been compensated by 1400 Northside at the hourly rate of the minimum wage.

6.     The plaintiffs may not properly demand hourly compensation from 1400
       Northside and, in addition, retain the service charges imposed by 1400
       Northside on customers which the entertainers accepted in lieu of
       compensation directly from 1400 Northside.

7.     1400 Northside is entitled to recover from each of the plaintiffs an amount
       equal to the difference between the total amount of service charges which
       the particular plaintiff retained or accepted and the amount of the minimum
       wage of $7.25 times the number of hours that each particular plaintiff
       performed at Swinging Richards.

8.     1400 Northside believes, based on the information available to it, that each
       of the plaintiffs performed, on average, at least one table dance for a
       customer in the main room of Swinging Richards for every three hours he
       performed in the club.

       a.     For each such table dance, each plaintiff retained the service charge
              imposed by 1400 Northside Drive in the amount of $10.00.

       b.     1400 Northside is entitled to recover from each of the plaintiffs (in
              addition to the amounts set out in paragraph 6, above) an amount
              equal to the total amount of service charges which the particular

10

plaintiff retained or accepted for table dances.

9. Permitting the plaintiffs to retain service charges belonging to 1400 Northside Drive while they assert their entitlement to additional wages in contravention of their agreements with 1400 Northside Drive would unjustly enrich the plaintiffs and would reward their breaches of contract.

10. Plaintiffs have acted in bad faith and have caused 1400 Northside unnecessary trouble and expense by retaining service charges belonging to 1400 Northside while claiming to be entitled to additional compensation, thus entitling the defendant (counterclaim plaintiff) to an award of a reasonable attorney's fee incurred in its defense of plaintiffs' claim and its pursuit of this counterclaim.

**WHEREFORE**, 1400 Northside Drive, Inc., demands judgment against each plaintiff individually for such amount as the jury may determine will compensate it for the plaintiffs' breaches of contract, for its costs of this action (including a reasonable attorney's fee) and for such other and further relief as the Court deems just in the circumstances.

11

## JURY TRIAL DEMAND

Defendant 1400 Northside Drive, Inc., hereby demands a trial by jury of the

claims asserted by plaintiffs in their complaint and by the defendant in its

counterclaim.

_/s/ HERBERT P. SCHLANGER_____
Herbert P. Schlanger[1]
Ga. Bar Number 629330
Counsel for defendant

Law Offices of Herbert P. Schlanger
Suite 1890
230 Peachtree Street, N.W.
Atlanta, Georgia  30303
(404) 808-6659 (voice)
(404) 745-0523 (facsimile)
hschlanger@bellsouth.net
herb@schlanger.com

---

[1]    Counsel hereby certifies, pursuant to the requirements of LR 7.1.D., that the foregoing document was prepared using 14-point Times New Roman type.

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2014, I electronically filed the foregoing

ANSWER, COUNTERCLAIM and JURY DEMAND with the Clerk of Court

using the CM/ECF system which will automatically send email notification of

such filing to the following attorneys of record:

Jeff Kerr, Esq.                                  Paul J. Lukas, Esq.
John Mays, Esq.                                  Timothy C. Selander, Esq.
Mays & Kerr                                      Nicholas D. Thompson, Esq.
235 Peachtree Street, NE                         Anna Prakash, Esq.
Suite 202                                        Nichols Kaster, PLLP
Atlanta, GA 30303                                4600 IDS Center, 80 South 8th Street
    jeff@maysandkerr.com             Minneapolis, MN 55402
    John@maysandkerr.com             lukas@nka.com
                                       selander@nka.com
                                       nthompson@nka.com
                                       aprakash@nka.com

                                   /s/ HERBERT P. SCHLANGER_____
                                  Herbert P. Schlanger
                                  Ga. Bar Number 629330
                                  Counsel for defendant

Law Offices of Herbert P. Schlanger
Suite 1890
230 Peachtree Street, N.W.
Atlanta, Georgia  30303
(404) 808-6659 (voice)
(404) 745-0523 (facsimile)
hschlanger@bellsouth.net
herb@schlanger.com