IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLINTON HENDERSON, et al.,

   Plaintiffs,

     v.

1400 NORTHSIDE DRIVE, INC.
doing business as
Swinging Richards,

   Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-3767-TWT

**OPINION AND ORDER**

This is an action under the Fair Labor Standards Act for the recovery of unpaid minimum wage. It is before the Court on the Defendant 1400 Northside Drive, Inc.'s Motion for a More Definite Statement [Doc. 20] and Motion to Dismiss [Doc. 26]. For the reasons set forth below, the Defendant's Motion for a More Definite Statement [Doc. 20] and the Defendant's Motion to Dismiss [Doc. 26] are both DENIED.

## I. Background

The Plaintiffs, Clinton Henderson and Andrew Olinde, were adult entertainers for the Defendant 1400 Northside Drive, Inc.[1] During their tenure with the Defendant, the Plaintiffs did not receive any wages.[2] In fact, the Plaintiffs had to pay the Defendant nightly house fees in order to perform.[3] The Plaintiffs filed suit, asserting a claim under the Fair Labor Standards Act. The Plaintiffs argue that they were improperly classified as "independent contractors" when they were in fact "employees," and thus entitled to minimum wages under the FLSA. The Defendant moves to dismiss.[4]

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[5] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that

---

[1] Second Am. Compl. ¶ 9.

[2] Id. ¶ 27.

[3] Id. ¶ 28.

[4] The Defendant advances nearly identical arguments in both the Motion for a More Definite Statement [Doc. 20] and the Motion to Dismiss [Doc. 26]. The Court will thus address both Motions jointly.

[5] Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[6] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[7] Generally, notice pleading is all that is required for a valid complaint.[8] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[9]

### III. Discussion

The Defendant argues that it is not subject to the FLSA minimum wage requirement because neither it nor the Plaintiffs were or are "engaged in commerce or in the production of goods for commerce." Under the FLSA, employers must pay the statutorily required minimum wage to "each of [its] employees who in any workweek is [1] engaged in commerce or in the production of goods for commerce

---

[6]   Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

[7]   See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[8]   See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985).

[9]   See Erickson v. Pardus, 551 U.S. 89, 93 (2007).

["individual coverage"], or . . . [2] employed in an enterprise engaged in commerce or in the production of goods for commerce ["enterprise coverage"]."[10]

The Plaintiffs argue that the Defendant is subject to the FLSA due to the "enterprise coverage" clause. An employer "falls under the enterprise coverage section of the FLSA if it 1) 'has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and 2) has at least $500,000 of 'annual gross volume of sales made or business done.'"[11] In the FLSA, the word "commerce" means "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."[12] Here, the Plaintiffs allege that the Defendant "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person – specifically alcohol,"[13] and that the Defendant's "annual volume of sales made or

---

[10] 29 U.S.C. § 206(a).

[11] Polycarpe v. E&S Landscaping Service, Inc., 616 F.3d 1217, 1220 (11th Cir. 2010) (quoting 29 U.S.C. § 203(s)(1)(A)).

[12] 29 U.S.C. § 203(b).

[13] Second Am. Compl. ¶ 41.

business done is not less than $500,000."[14] Assuming that the Plaintiffs use the word "commerce" as that term is defined in the FLSA, the Plaintiffs' allegations sufficiently establish that the Defendant is subject to the FLSA minimum wage requirement.

In response, the Defendant claims that its sale of alcoholic beverages does not subject it to the FLSA because of the "ultimate consumer rule."[15] This rule is derived from the FLSA's definition of "goods," which reads: "goods . . . wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof, but does not include goods after their delivery into the actual physical possession of *the ultimate consumer thereof* other than a producer, manufacturer, or processor thereof."[16] Here, assuming the Plaintiffs' allegations to be true – e.g., that the Defendant *sells* these alcoholic beverages to its customers[17] – it

---

[14]     Id. ¶ 43.

[15]     Def.'s Mot. to Dismiss, at 6-8.

[16]     29 U.S.C. § 203(i) (emphasis added).

[17]     Second Am. Compl. ¶¶ 16, 41.

is clear that neither the Defendant nor its employees are the "ultimate consumers."[18]

Accordingly, the Defendant's Motion to Dismiss should be denied.

### IV. Conclusion

For these reasons, the Court DENIES both the Defendant's Motion for a More Definite Statement [Doc. 20] and the Defendant's Motion to Dismiss [Doc. 26].

SO ORDERED, this 30 day of July, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[18] The Defendant appears to make an additional argument: that the "goods" purchased are the *packages* of individual alcoholic beverages. According to the Defendant, because it never re-sells the whole packages, it is the ultimate consumer. However, as already noted, the FLSA defines "goods" as "goods . . . or articles or subjects of commerce of any character, *or any part or ingredient thereof.*" 29 U.S.C. § 203(i) (emphasis added). Thus, the individual bottles of alcohol, as well as the alcohol itself, are "goods" under the FLSA.