IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLINTON HENDERSON, et al.,
    Plaintiffs

v.

Civil Action Number
1:13-cv-3767-TWT

1400 NORTHSIDE DRIVE, INC.,
   et al.,
      Defendants

### DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF SERVICE CHARGES

Defendant 1400 Northside Drive, Inc. d/b/a Swinging Richards ("Defendant" or "the Club") is entitled to partial summary judgment on the grounds that the minimum service charges it establishes for customers to purchase table dances or for time spent in its VIP Lounge are taken into its gross receipts, and therefore, as a matter of law, are available as a set-off against any alleged minimum wage liability to Plaintiffs. *See:* 29 C.F.R. § 531.55(a)-(b).

In the Club, there are certain entertainment services provided by the Plaintiffs for which the Club establishes a minimum service charge to the customers. These services are: (1) table dances on the main floor of the Club; (2)

table dances in the VIP Lounge; and (3) dance sessions in the VIP rooms.[1]

The money paid by a customer for a service rendered to him is either a "tip" or a "service charge." Plaintiffs prefer the Court declare these payments are "tips" which, could not be counted as belonging to the Club, and which the Club could not use to satisfy any FLSA minimum wage obligation to the Plaintiffs. Defendants, on the other hand, contend that these customer payments are "service charges," which belong to the Club, are taken into its gross receipts, and which, therefore, can be used to offset any amounts due to the Plaintiffs under the FLSA.

The FLSA's implementing regulations specifically distinguish between "tips" and "service charges" as follows:

> **29 C.F.R. § 531.52  General characteristics of "tips."**
>
> A tip is a sum presented by a customer as a gift or gratuity in recognition of some service performed for him. It is to be distinguished from payment of a charge, if any, made for the service. Whether a tip is to be given, and its amount, are matters determined solely by the customer, who has the right to determine who shall be the recipient of the gratuity.

In contrast, 29 C.F.R. § 531.55(a) provides:

---

[1]/The minimum charge for a table dance on the main floor of the Club was (and remains) $10.00; for a table dance in the VIP Lounge, $20.00; and for a VIP room session lasting up to 15 minutes, approx. $100.00; for a session of up to 30 minutes, approx. $200.00; and for a session of up to 60 minutes, approx. $400.00. (Exhibit 1, Henderson depo., p.19).

> **29 C.F.R. § 531.55 Examples of amounts not received as tips.**
>
> (a) A compulsory charge for service, such as 15 percent of the amount of the bill, imposed on a customer by an employer's establishment, is not a tip... *The FLSA permits an employer to offset its minimum wage obligation with amounts such as these that it requires customers to pay but which are then retained by the person providing the services*. (emphasis added).
>
> This scenario is described in 29 C.F.R. § 531.55(b) which reads:
>
> (b) As stated above, *service charges and other similar sums which become part of the employer's gross receipts* are not tips for the purposes of the Act. Where such sums are distributed by the employer to its employees, however, *they may be used in their entirety to satisfy the monetary requirements of the Act.* (emphasis added).

This regulatory distinction is consistent with the written advice that the U.S. Department of Labor provided to Defendants (and other Atlanta-area Gentlemen's Clubs) in late 1993:

> [The Wage and Hour Division's Investigators and Gentlemen's Clubs] have also discussed meeting the minimum wage requirement using house set table dance fees. These fees are property of the club, as are fees for food, beverages and other goods or services provided by the employer to customers. The amount of table dance fees retained by the dancer may be used to meet the employer's minimum wage obligation to that dancer.[2]
>
> Exhibit 4 (Letter from U.S. Department of Labor, dated December 27, 1993).

---

[2] The rationale of both the regulation and of the letter applies, of course, to the minimum charges set and collected for VIP Room sessions as well.

Based upon the DOL's regulations, the minimum VIP Room and table dance fees established by the Club and charged to its customers are "service charges," and not "tips." These fees are set by the Club,[3] and collected by the Club[4]. These minimum fees/service charges are then paid by the Club to the Plaintiffs/ entertainers.[5]

These VIP Room service charges have, in the last several years, inexplicably been accounted for in two different ways, depending on how the customer pays them. If the customer charges an amount on his credit card, the entire amount (including the amount(s) subsequently paid to the entertainer) is included in the club's gross income. (Exhibit 3, Haralambus depo., pp.33, 95-96). The amount(s) paid to the entertainers is, at the end of the year, reflected on an IRS Form 1099 which is issued to the entertainers, annually. (Exhibit 3, Haralambus depo. p. 74).

The same was not true (for some reason) if customers paid for these services in cash. Probably as the result of a misunderstanding or a miscommunication by the Club's employees, the Club had not been taking the entertainer's portion of cash payments into the Club's gross receipts (even though there is no difference in

---

[3]/ Exhibit 1, Henderson depo., pp. 17-19).
[4]/ Exhibit 1, Henderson depo., pp. 20, 22, 33-34).
[5]/ Exhibit 1, Henderson depo., pp. 20, 22, 33-34).

4

what the customer is paying for).  Instead, the entertainer's portion is paid in cash to the VIP Room attendant, and, at the end of the evening, is disbursed to the entertainer in cash.  For the calendar year 2013, the Club is in the process of issuing amended IRS Form 1099s to the entertainers to correct this oversight and is restating its 2014 receipts to take those service charges into its gross receipts. (Exhibit 3, Haralambus depo., p. 98).

It should be beyond question that the amounts shown on the entertainers' IRS Form 1099s come within the definition of "service charges," as described by the DOL's regulations.  Those amounts consist of payments by customers for VIP Room sessions and Defendants are therefore entitled to a credit (or offset) for those amounts against any amount found to be due to the entertainers as a minimum wage under the FLSA.

With regard to the service charge amounts retained by the entertainers for the years prior to 2013, the Club's records reflect which entertainer provided how many VIP Room sessions for customers on which nights.  (Exhibit 1, Henderson depo., pp. 19-23; Exhibit 2, Colunga depo., pp. 45-46; Exhibit 5, Caudle depo., p. 16; Caudle depo. Ex.10).  A simple calculation from the Club's business records would reveal the amount of the service charge retained by the entertainer for each

VIP Room session.  These amounts should also be credited against Defendants' minimum wage obligations, if any.

The only remaining issue concerns the amount which Defendants may claim as a credit for the service charges paid by its customers to the entertainers for table dances (as opposed to VIP Room sessions).  These service charges were set by the Club, but were not reported to the Club by the entertainers, effectively making it impossible for the Club to state the amounts that the entertainers received.  There is, however, evidence from which these amounts can be reasonably estimated, and the estimation of those amounts should be left for the jury. (Exhibit 1, Henderson depo., pp. 14-15, 27-28).

As with payments made by customers to entertainers for time spent in the Club's VIP Lounge, the table dance "minimum" charges can only be categorized as one of only two things:  a tip or a service charge.  The U.S. Department of Labor agrees with Defendants' position that all the table dance and VIP Room charges are service charges, *e.g.*, U.S. Department of Labor Opinion Letter FLSA2005-31, available at:

http://www.dol.gov/whd/opinion/FLSA/2005/2005_09_02_31_FLSA.pdf

(opining, *inter alia*, that an "imposed gratuity" is not a "tip," even if not included

in an employer's gross receipts, citing 29 C.F.R. §§ 531.32 and 531.55.).

## CONCLUSION

For all of the foregoing reasons, the minimum or base service charges established by the Club for table dance fees and VIP-area performances should be declared to be the property of the Club and Defendants should be permitted to offset all service charges paid to Plaintiffs against any amounts found to be due by Defendants under the FLSA.

This 3rd day of October, 2014.

Respectfully submitted,

/s/ HERBERT P. SCHLANGER  
Herbert P. Schlanger[6]  
Ga. Bar Number 629330  
Counsel for Defendants

Law Offices of Herbert P. Schlanger  
Suite 1890  
230 Peachtree Street, N.W.  
Atlanta, Georgia  30303  
(404) 808-6659 (voice)  
(404) 745-0523 (facsimile)  
herb@schlanger.com

---

[6]/Counsel hereby certifies, pursuant to the requirements of LR 7.1.D., that the foregoing document was prepared using 14-point Times New Roman type.

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2014, I electronically filed the foregoing Memorandum in Support with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Jeff Kerr, Esq.
John Mays, Esq.
Mays & Kerr
235 Peachtree Street, NE
Suite 202
Atlanta, GA 30303
jeff@maysandkerr.com
John@maysandkerr.com

Paul J. Lukas, Esq.
Timothy C. Selander, Esq.
Nicholas D. Thompson, Esq.
Anna Prakash, Esq.
Nichols Kaster, PLLP
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
lukas@nka.com
selander@nka.com
nthompson@nka.com
aprakash@nka.com

/s/ HERBERT P. SCHLANGER
Herbert P. Schlanger
Ga. Bar Number 629330
Counsel for Defendants

Law Offices of Herbert P. Schlanger
Suite 1890
230 Peachtree Street, N.W.
Atlanta, Georgia  30303
(404) 808-6659 (voice)
(404) 745-0523 (facsimile)
hschlanger@bellsouth.net
herb@schlanger.com