## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

---

CLINTON HENDERSON and
ANDREW OLINDE, individually and
on behalf of all other similarly situated
individuals,

Plaintiffs,

v.

1400 NORTHSIDE DRIVE, INC. d/b/a
SWINGING RICHARDS and C.B.
JONES,

Defendants.

Civil Action No.: 1:13-cv-3767-TWT

---

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' CREATIVE PROFESSIONAL EXEMPTION DEFENSE

---

### <u>INTRODUCTION</u>

Desperate after admitting that their "independent contractor" entertainer pay scheme is improper under the Fair Labor Standards Act ("FLSA") (<u>see</u> ECF No. 66), Defendants seek shelter in the creative professional exemption. This defense fails immediately for the same reason Defendants' offset argument fails: under

their unlawful "independent contractor" scheme, Defendants pay their entertainers nothing.  As such, Defendants cannot meet the salary or fee basis test and their exemption defense fails without any analysis of entertainers' job duties at Defendants' male strip club.  Should it turn its attention to that analysis, however, the Court will find a second independent and equally compelling reason to find that Defendants cannot meet their high burden of proving the creative professional defense: Defendants' Rule 30(b)(6) corporate designee testified that performing the job of an entertainer at Defendants' club does not require invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor.  Specifically, Defendants' entertainers do not need to know how to dance or act, need not perform choreographed or planned dances or skits, and do not need to have any other special training or education to perform the job.  Instead, an entertainer is hired and retained based exclusively on his physical appearance after being asked to take off his shirt and/or get completely naked for the hiring manager.  This is not the type of creative exempt worker contemplated by the FLSA.  The Court should grant Plaintiffs' motion for summary judgment, rejecting this last-gasp defense.

**ARGUMENT**

## I.   LEGAL STANDARD FOR SUMMARY JUDGMENT.

Summary judgment should be granted where, as here, the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Although "the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party[,]… the court is bound only to draw those inferences which are reasonable." Lakeside Vista Apartments, L.P. v. Fed. Nat'l Mortg. Ass'n, No. 1:09-CV-3136-RWS, 2010 WL 2640602, at *7 (N.D. Ga. June 29, 2010) (citation omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Id. (internal quotation omitted).  The burden then shifts to the opposing party, "who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist." Russell v. Promove, LLC, No. 1:06-CV-00659-RWS, 2009 WL 1285885, at *1-2 (N.D. Ga. May 5, 2009) (citing cases).  Notably, the opposing party must present more than "[a] mere 'scintilla' of evidence . . .; there must be a sufficient showing that the jury could reasonably find for that party." E. Cobb Fastpitch, Inc. v. E. Cobb Bullets

Fastpitch, Inc., No. 1:13-CV-1285-TWT, 2014 WL 3749216, at *1 (N.D. Ga. July 29, 2014) (quoting Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990)).

## II.   THE FLSA IS BROADLY INTERPRETED IN FAVOR OF COVERAGE AND EXEMPTIONS TO THE FLSA ARE NARROWLY CONSTRUED AGAINST THE EMPLOYER ASSERTING THEM.

The FLSA requires employers to pay non-exempt employees the minimum wage for each hour worked.  See 29 U.S.C. § 206(a).  The Eleventh Circuit has repeatedly held that the FLSA "is a remedial statute that should be liberally construed."  Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1265 (11th Cir. 2008); Prickett v. DeKalb Cnty., 349 F.3d 1294, 1296 (11th Cir. 2003) ("The FLSA is a remedial statute that has been construed liberally to apply to the furthest reaches consistent with congressional direction.").[1]  Exemptions are "closely circumscribe[d]."  Morgan, 551 F.3d at 1269 (quoting Nicholson v. World Bus.

---

[1] Congress enacted the FLSA as a remedial statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers . . ." 29 U.S.C. § 202(a).  The FLSA establishes a standard forty-hour workweek with a set minimum hourly wage and premium pay for additional "overtime" hours worked over forty in a workweek.  29 U.S.C. §§ 206, 207(a)(1).  The Act was intended to free vulnerable employees from substandard wages and oppressive working hours. Barrentine v. Ark.–Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (citing 29 U.S.C. § 202(a)).  In addition to securing wages for individual workers themselves, the FLSA is meant to benefit the economy as a whole by spreading employment by placing financial pressure on employers.  Walling v. Helmerich & Payne, 323 U.S. 37, 40 (1944); Davis v. J.P. Morgan Chase & Co., 587 F.3d 529, 535 (2d Cir. 2009).

Network, Inc., 105 F.3d 1361, 1364 (11th Cir. 1997)). Moreover, exemptions—such as the creative professional exemption Defendants attempt to invoke in this case—are only applied "to those [employees] clearly and unmistakably within the terms and spirit of the exemption." Id. (quoting Brock v. Norman's Country Mkt., Inc., 835 F.2d 823, 826 (11th Cir. 1988)); Helton v. Factor 5, Inc., No. C 10-04927 SBA, --- F. Supp. 2d ----, 2014 WL 555806, at *5 (N.D. Cal. Feb. 10, 2014) (granting the plaintiffs' motion for summary judgment on the defendant's creative professional exemption defense). In other words, courts narrowly construe exemptions to the FLSA against the employers attempting to assert them. Morgan, 551 F.3d at 1269 (citing Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1156 (11th Cir. 2008) and Nicholson, 105 F.3d at 1364); see also Diaz v. City of Plantation, Fla., 524 F. Supp. 2d 1352, 1362 (S.D. Fla. 2006); Bilyou v. Dutchess Beer Distribs., Inc., 300 F.3d 217, 222 (2d Cir. 2002) (Exemptions should be "narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit.").

## III.   DEFENDANTS ARE NOT ENTITLED TO THE CREATIVE PROFESSIONAL EXEMPTION DEFENSE.

### A.   Defendants Bear the Burden of Proving Every Element of the Creative Professional Exemption.

Consistent with the broad interpretation of the FLSA and the limited nature of its exemptions, employers—not the employees who filed the suit—bear the burden of proving each element of a claimed exemption.  Morgan, 551 F.3d at 1269 (citing Alvarez Perez, 515 F.3d at 1156 and Brock, 835 F.2d at 826); Martin v. Ind. Mich. Power Co., 381 F.3d 574, 578 (6th Cir. 2004) ("the employer bears not only the burden of proof, but also the burden on each element of the claimed exemption.").

### B.   The Creative Professional Exemption

Defendants assert that Plaintiffs are not entitled to be paid the minimum wage because Plaintiffs are exempt creative professionals.  Defendants are wrong.

Although the FLSA does not define the term "creative professional," the governing regulations define the exemption as covering employees:

(1)   Compensated on a salary or fee basis at a rate of not less than $455 per week; **and**

(2)   Whose primary duty is the performance of work **requiring** invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

29 C.F.R. § 541.300(a) (emphasis added).[2]  The question for this Court is whether Defendants paid Plaintiffs on a fee basis **and** whether Plaintiffs' primary duty was the performance of work **requiring** invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.  The answer is unequivocally no.

Plaintiffs in this case are, to put it bluntly, strippers[3] who are paid solely by Defendants' customers through tips.  (Facts at ¶¶ 33-45.)  They work at Defendants' strip club where they take off their clothes for money.  (Facts at ¶¶ 1-7, 10-17, 33-45, 58-65.)  Their job is to strip on stage, walk around the floor, talk to interested customers, and strip again for individual "dances."  (Facts at ¶¶ 6, 10-17.)  Defendants hire them to do this job without any training, experience, or ability, so long as they are physically fit and willing to disrobe in public.  (Facts at ¶¶ 18-31.)  Plaintiffs' primary job duty is to entertain Defendants customers by stripping, and they are not required to use invention, imagination, originality or talent to do so, and they are certainly not doing so in a recognized field of artistic

---

[2] The regulations also emphasize that the employee's "primary job duty **must** be the performance of work requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor . . . ." 29 C.F.R. § 541.302(a) (emphasis added).

[3] The term "entertainer" is the preferred term for Plaintiffs' job title and in Plaintiffs' motion papers it is used synonymously with other terms commonly used to describe their work, such as "exotic dancer," "adult entertainer," and "stripper."

or creative endeavor, as would be required for them to be exempt creative professionals under the FLSA.  (<u>Facts</u> at ¶¶ 10-31.)

This Court would not be the first to reach the conclusion that adult entertainers are not exempt creative professionals under the FLSA.  In fact, the only court to consider the application of the creative professional exemption to entertainers held that the exemption did not apply.  <u>Harrell v. Diamond A Entm't, Inc.</u>, 992 F. Supp. 1343, 1357 (M.D. Fla. 1997).  In reaching that conclusion, the <u>Harrell</u> court explained that the employer failed to satisfy both elements of the exemption: the tips received by the entertainer from the customer did not satisfy the fee basis element, and the entertainer had no "specialized skill," no training in dance (exotic or otherwise), no prior dancing experience, did not have to try out before being hired, and was not required or encouraged to dance in any particular way, except that she had to be moving, which did not satisfy the job duties element.  <u>Id.</u>  Given the narrow construction of the exemption and the high level of unique skill and talent required to perform the examples of exempt jobs listed in the regulation (actors, musicians, composers, conductors, soloists, painters), the decision in <u>Harrell</u> is good law and should be followed in this case, as amply demonstrated by the analysis below under the legal framework of the regulations.

**C.** **Defendants' Creative Professional Exemption Defense Fails Because Defendants Did Not Pay Plaintiffs on a Salary or Fee Basis.**

In order to successfully claim the creative professional exemption, Defendants must show that they paid Plaintiffs on a salary or fee basis of at least $455 per workweek.   29 C.F.R. § 541.300(a)(1).   As it is undisputed that Defendants did not pay Plaintiffs on a salary basis (Facts at ¶¶ 34-36), the question is whether Defendants paid Plaintiffs on a fee basis.

The phrase "fee basis" is defined in the FLSA regulations as payment for an "agreed sum for a single job regardless of the time required for its completion."   29 C.F.R. § 541.605(a).   A fee for purposes of the FLSA is a payment paid by an employer to an employee "for the kind of job that is unique rather than for a series of jobs repeated an indefinite number of times and for which payment on an identical basis is made over and over again."   Id.   Similarly, "[p]ayments based on the number of hours or days worked and not on the accomplishment of a given single task are not considered payments on a fee basis."   Id.

Defendants cannot satisfy the fee basis element because (1) Defendants never paid Plaintiffs anything, let alone a fee; (2) even if Defendants did pay Plaintiffs on a fee basis (which they did not), the payments were based on work performed for specific amounts of time, not "regardless of the time required for its

9

completion;" and (3) the work performed by Plaintiffs—stripping—is precisely the type of job the FLSA regulation excludes from the definition of fee basis, i.e., "a series of jobs repeated an indefinite number of times and for which payment on an identical basis is made over and over again."

    1.    <u>Defendants Cannot Satisfy the Fee Basis Element Because They Did Not Pay Plaintiffs.</u>

In order to satisfy the fee basis element, Defendants must show that they actually paid Plaintiffs a fee.  <u>Harrell</u>, 992 F. Supp. at 1355 (money received by exotic dancers from customers does not satisfy the fee basis element of the creative professional exemption).  Defendants cannot make that showing because the opposite is true: Defendants never paid Plaintiffs anything.  (<u>Facts</u> at ¶¶ 33-45.)

Evidence confirming Defendants' failure to pay entertainers any wages is overwhelming and based solely on Defendants' own documents and testimony. First, Defendants require entertainers to sign an agreement specifically stating that Defendants **<u>do not</u>** pay entertainers anything for their work:

> The Entertainer acknowledges that the Club will not be responsible for compensating him in any way for the performances which he presents at the Club and that his compensation will be provided directly by customers of the Club.

(<u>Facts</u> at ¶ 34.)  Defendants do not hide their scheme from the public.  Rather, Defendants repeatedly and openly announce this scheme to their customers on the

club's website ("dancers work for tips only").  (<u>Facts</u> at ¶¶ 59-62.)    Defendants'

scheme to pay nothing to entertainers is also consistent with the testimony of

James "Matt" Colunga, the club's long-time General Manager and Rule 30(b)(6)

corporate representative, who testified repeatedly that it is the entertainers'

responsibility to collect their compensation directly from Defendants' customers.

(<u>Facts</u> at ¶ 35.)

   Indeed, the only time Defendants touch entertainers' compensation is when

customers pay entertainers for VIP room dances.  (<u>Facts</u> at ¶¶ 41-42.)  On those

occasions, amounts paid by customers to entertainers in cash are held for the

entertainer until the end of the night; amounts paid by credit card are held until the

next day when Defendants issue a check to the entertainer.  (<u>Facts</u> at ¶¶ 41-42.)[4]

Defendants' tax and accounting practices are also consistent with the scheme:

Defendants do not pay payroll taxes on any of the compensation paid by customers

to entertainers and issue 1099s to entertainers only for VIP room dances paid for

by customers on a credit card.  (<u>Facts</u> at ¶¶ 44-45, 73-74.)

---

[4] Defendants' accounting practices related to customers' payments to entertainers
and Defendants' offset affirmative defense are discussed in Plaintiffs' concurrently
filed Motion for Partial Summary Judgment on Defendants' Offset Affirmative
Defense.

2.     <u>Defendants Cannot Satisfy the Fee Basis Element Because Customers Pay Entertainers Based on the Amount of Time a Dance Takes.</u>

The regulations defining "fee basis" are clear: a fee is "an agreed sum for a single job **regardless of the time required for its completion**."  29 C.F.R. § 541.605(a) (emphasis added).   Here, the payments made by customers to entertainers were based on work ("dances") performed for a specific amount of time: (1) a minimum $10 tip for a <u>one-song</u> table dance in the main lounge, or a minimum $20 tip for a <u>one-song</u> table dance in the VIP Lounge (lasting approximately five minutes); or (2) a minimum of $100 tip per <u>fifteen minutes</u> in a VIP room.  (<u>Facts</u> at ¶ 36.)  Entertainers' work and the payments they received for their work were thus temporally restricted, not unrestricted as required by the regulations.

3.     <u>Defendants Cannot Satisfy the Fee Basis Element Because Entertaining is Not Unique.</u>

A fee for purposes of the FLSA is typically a payment paid by an employer to an employee "for the kind of job that is unique rather than for a series of jobs repeated an indefinite number of times and for which payment on an identical basis is made over and over again."  29 C.F.R. § 541.605(a).  Whether a job is unique depends on "the character or nature of the job . . . and not simply that the performance of the job vary from day to day."  Opinion Letter, 1998 WL 852761

(DOL Apr. 27, 1998).   Here, Defendants cannot satisfy the fee basis element because Plaintiffs' work was routine, performed repeatedly for an indefinite period of time depending on whether there were customers willing to pay, and the minimum pay was the same regardless of the customer.   (Facts at ¶¶ 10-17 ("Q. So it's -- these dancers are performing a series of dances for which they get $10 per song? A. Yes.  Q. And that's what they do all night long over and over hopefully? A. Yes.").)

> **D.**   **Defendants' Creative Professional Exemption Defense Fails Because Plaintiffs' Primary Job Duty Does Not Require Invention, Imagination, Originality, or Talent in a Recognized Field of Artistic or Creative Endeavor.**

Even if Defendants could satisfy the fee basis element, their attempt to claim the creative professional exemption fails because entertainers' primary job duty does not require invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.   As an initial matter, determining whether the creative professional exemption applies must be done on a case-by-case basis, and the outcome will be dependent "on the extent of the invention, imagination, originality or talent exercised by the employee."   29 C.F.R. § 541.302(b).   The regulations further limit the application of the exemption in two ways.   First, the exemption excludes employees whose primary job duty is the performance of "routine mental, manual, mechanical or physical work."   29 C.F.R. § 541.302(a).

13

Second, it excludes employees performing "work which can be produced by a person with general manual or intellectual ability and training."  Id.  These distinctions are "intended to distinguish between those persons whose work is creative in nature from those who work in a medium capable of bearing creative expression, but whose duties are nevertheless functional in nature."  Dalheim v. KDFW-TV, 918 F.2d 1220, 1229 (5th Cir. 1990).[5]  Examples of exempt creative professionals include:

> actors, musicians, composers, conductors, and soloists; painters who at most are given the subject matter of their painting; cartoonists who are merely told the title or underlying concept of a cartoon and must rely on their own creative ability to express the concept; essayists, novelists, short-story writers and screen-play writers who choose their own subjects and hand in a finished piece of work to their employers . . . ; more responsible writing positions in advertising agencies.

29 C.F.R. § 541.302(c).[6]

---

[5]  Although Dalheim analyzed the pre-2004 versions of the regulations, the substance of the regulations changed very little.  Compare 29 C.F.R. § 541.302 (1990) with 29 C.F.R. §§ 541.300, 302; see also 69 FR 22122-01, Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employee (DOL April 23, 2004) ("Because the proposal adopted the primary duty test of the existing regulations with few changes, the Department received few substantive comments . . .").

[6] Courts have held that the creative professional exemption does not apply to video game artists and producers, Helton, 2014 WL 555806, at *6; television show producers, Magnuson v. Newman, No. 10 CIV. 6211 JMF, 2013 WL 5380387, at *11 (S.D.N.Y. Sept. 25, 2013); newspaper reporters, Wang v. Chinese Daily News, Inc., 435 F. Supp. 2d 1042, 1053 (C.D. Cal. 2006) aff'd, 623 F.3d 743 (9th Cir. 2010) cert. granted, judgment vacated on other grounds, 132 S. Ct. 74 (2011);

Given the narrow construction of the exemption and the unique skill and talent required to perform the jobs listed in the regulation, no court has ever found that entertainers at strip clubs are exempt creative professionals.  Rather, the only court to consider the application of the creative professional exemption to entertainers held that the exemption did not apply.  See Harrell, 992 F. Supp. at 1357.  In reaching that conclusion, the Harrell court explained that the plaintiff had no "specialized skill," no training in dance (exotic or otherwise), no prior dancing experience, did not have to try out before being hired, and was not required or encouraged to dance in any particular way, except that she had to be moving.  Id. On those facts, the Court held that the defendant could not satisfy its burden.

As in Harrell, the undisputed facts in this case lead to one conclusion: Plaintiffs' primary job duty—entertaining—does not require "the performance of work requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor."

---

restaurant cooks, Garcia v. Pancho Villa's of Huntington Vill., Inc., No. CV 09-486 ETB, 2011 WL 1431978, at *3 (E.D.N.Y. Apr. 14, 2011); litigation graphics consultants, Kadden v. VisuaLex, LLC, 910 F. Supp. 2d 523, 538-39 (S.D.N.Y. 2012); television news producers, Dalheim v. KDFW-TV, 918 F.2d 1220, 1229 (5th Cir. 1990); and general assignment television reporters, id. at 1228-29.

1.   <u>Plaintiffs' Primary Job Duty Does Not Require Invention, Imagination, Originality or Talent.</u>

Entertainers' primary job duty is to entertain Defendants' customers.  (<u>Facts</u> at ¶ 10.)  They do this by stripping nude on the main stage, walking around the main floor, talking to customers, and by stripping for individuals in the main lounge, VIP lounge, and VIP rooms.  (<u>Facts</u> at ¶¶ 10-17.)  Defendants require entertainers to strip on stage in a rotation for a three song set and to follow the same pattern of disrobing each time: during the first song an entertainer removes his shirt, during the second song an entertainer removes his pants, and during the third song, the entertainer removes his underwear.  (<u>Facts</u> at ¶¶ 11-12.)  Table "dances" involve an entertainer disrobing and "dancing" outside the knees of the customer, without physical contact.  (<u>Facts</u> at ¶ 14.)  The near complete lack of invention, imagination, originality, or talent necessary to perform these job duties is best exemplified by Defendants' near total lack of hiring criteria and expectations:

- Entertainers **do not need to know how to dance** in order to entertain customers; in fact, most entertainers do not actually dance.  (<u>Facts</u> at ¶ 18.)

- Entertainers **do not** perform choreographed, coordinated, planned, or organized performances or skits.  (<u>Facts</u> at ¶ 21.)

- Entertainers **are not required** to wear costumes or to put on skits. (<u>Facts</u> at ¶ 20.)

- Entertainers **do not need** acting or dancing experience. (<u>Facts</u> at ¶¶ 18, 20.)

- Entertainers **do not need** to use original dance moves or choreography, wear or design original costumes, or invent dances or costumes in order to be successful. (<u>Facts</u> at ¶ 19.)

- Entertainers **do not need** any special training, education, or level of intelligence. (<u>Facts</u> at ¶ 24.)

- Defendants hire entertainers based **solely** on "specific and strict physical appearance requirements" that vary based on the number and physical characteristics (e.g., race, hair color, body type) of the entertainers working at any given time. (<u>Facts</u> at ¶¶ 25-30.)

It is not an exaggeration to say that Defendants would literally hire anyone off the street to work as an entertainer so long as they were male, physically fit, and comfortable stripping on a stage.

Recognizing the nature of establishments like Swinging Richards, courts, including this one, have repeatedly and overwhelmingly held that there is no special skill required to be an entertainer at a strip club. <u>See, e.g.</u>, <u>Stevenson v. Great Am. Dream, Inc.</u>, No. 1:12-CV-3359-TWT, 2013 WL 6880921, at *5 (N.D. Ga. Dec. 31, 2013) ("[L]ittle skill is required. . . . Taking your clothes off on a nightclub stage and dancing provocatively are not [] special skills . . ."); <u>McFeeley v. Jackson St. Entm't, LLC,</u> No. CIV.A. DKC 12-1019, --- F. Supp. 3d ----, 2014

WL 4658188, at *8 (D. Md. Sept. 15, 2014); <u>Verma v. 3001 Castor, Inc.</u>, No. CIV.A. 13-3034, 2014 WL 2957453, at *9 (E.D. Pa. June 30, 2014); <u>Butler v. PP & G, Inc.</u>, No. CIV.A. WMN-13-430, 2013 WL 5964476, at *5 (D. Md. Nov. 7, 2013) reconsideration denied, No. CIV.A. WMN-13-430, 2014 WL 199001 (D. Md. Jan. 16, 2014); <u>Hart v. Rick's Cabaret Int'l, Inc.</u>, 967 F. Supp. 2d 901, 920 (S.D.N.Y. 2013), reconsideration denied (Nov. 18, 2013); <u>Clincy v. Galardi S. Enters., Inc.</u>, 808 F. Supp. 2d 1326, 1348 (N.D. Ga. 2011); <u>Thompson v. Linda And A., Inc.</u>, 779 F. Supp. 2d 139, 150 (D.D.C. 2011); <u>Harrell</u>, 992 F. Supp. at 1351; <u>Morse v. Mer Corp.</u>, No. 1:08-CV-1389-WTL-JMS, 2010 WL 2346334, at *5 (S.D. Ind. June 4, 2010); <u>Reich v. Priba Corp.</u>, 890 F. Supp. 586, 593 (N.D. Tex. 1995); <u>Reich v. Circle C. Invs., Inc.</u>, 998 F.2d 324, 328 (5th Cir. 1993).

Just as those courts found that stripping does not involve a "special skill" sufficient to make entertainers independent contractors, so should this Court find that the same job duties do not make entertainers exempt creative professionals. <u>See</u> <u>Harrell</u>, 992 F. Supp. at 135 (rejecting creative professional exemption based, in part, on finding of lack of skill under independent contractor analysis and stating, "As noted above, Defendant failed to establish that Plaintiff exercised the kind of specialized skill characteristic of a person who is in business for herself."). Simply put, the job duties performed by Defendants' entertainers, and Defendants'

hiring criteria and expectations for entertainers, do not bear the hallmarks of a creative professional.   Rather, they are the hallmarks of workers performing "routine mental, manual, mechanical or physical work" requiring only "general manual or intellectual ability and training," characteristics that the regulations specifically highlight as entirely at odds with the characteristics of an exempt creative professional.

2.   Entertaining Is Not A Recognized Field of Artistic or Creative Endeavor.

In addition to performing a primary job duty that requires "invention, imagination, originality or talent," an exempt creative professional must also work "in a recognized field of artistic or creative endeavor."   29 C.F.R. § 541.300(a)(2)(ii).   The regulations specifically recognize classic fields such as "music, writing, acting and the graphic arts."  29 C.F.R. § 541.302(b).  Although it is conceivable that "dance" could be recognized as a field of artistic or creative endeavor, this case simply does not involve dancing.  (Facts ¶¶ 10-30.)  Again, Plaintiffs in this case are strippers.  (Facts ¶¶ 10-30.)  They work at Defendants' strip club where they strip naked for money.  (Facts ¶¶ 10-42.)  They can do this job without any training, experience, or ability, so long as they are physically fit, meet Defendants' appearance-based hiring criteria, and are willing to disrobe in

public.   (Facts ¶¶ 18-25.)  Plaintiffs' primary job duty is to strip, not dance, and dancing is not required in order to perform the job.[7]

## CONCLUSION

For all of the reasons stated above, Plaintiffs respectfully request that the Court grant their Motion for Partial Summary Judgment on Defendants' Creative Professional Exemption Defense.

Dated: October 17, 2014          **NICHOLS KASTER, PLLP**

/s/ Timothy C. Selander
Paul J. Lukas, MN Bar No. 22084X*
Timothy C. Selander, MN Bar No. 0387016*
Anna Prakash, MN Bar No. 0351362*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
lukas@nka.com
selander@nka.com
aprakash@nka.com
*admitted pro hac vice*

**MAYS & KERR, LLC**

Jeff Kerr, GA Bar No. 634260
John Mays, GA Bar No. 986574
235 Peachtree St. NE #202

---

[7] Regardless, neither the Department of Labor nor any court has extended the creative professional exemption to the field of actual dancing.

Atlanta, GA  30303
Telephone: (404) 410-7998
Fax: (404) 855-4066
jeff@maysandkerr.com
john@maysandkerr.com

**ATTORNEYS FOR PLAINTIFFS AND THE COLLECTIVE**

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

## CERTIFICATE OF SERVICE
### *Henderson et al. v. 1400 Northside Drive, Inc. d/b/a Swinging Richards*
### Court File No.: 1:1:13-cv-3767-TWT

I hereby certify that on October 17, 2014, I caused the following documents to be served:

**Plaintiffs' Memorandum of Law in Support of Their Motion for Partial Summary Judgment on Defendants' Creative Professional Exemption Defense**

I caused the above-listed document(s) to be served by electronic mail with consent to the following persons at the following address(es):

| | |
|---|---|
| Herbert P. Schlanger<br>Ga. Bar Number 629330<br>hschlanger@bellsouth.net<br>herb@schlanger.com<br>Law Office of Herbert P. Schlanger<br>Suite 1890<br>230 Peachtree Street, N.W.<br>Atlanta, GA  30303<br>404-808-6659 | WM Scott Schulten<br>Ga. Bar Number 630272<br>wss@swtlaw.com<br>Susan K. Murphey<br>Ga. Bar Number 408498<br>skm@swtlaw.com<br>Dean R Fuchs<br>Ga. Bar Number 279170<br>drf@swtlaw.com<br>Schulten Ward & Turner, LLP<br>260 Peachtree Street NW<br>Suite 2700<br>Atlanta, GA  30303<br>404-688-6800 |

Attorneys for 1400 Northside Drive, Inc. d/b/a Swinging Richards

Dated:  October 17, 2014          /s/ Timothy C. Selander
                               Timothy C. Selander

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel for Plaintiffs certifies that this document has been prepared in Times New Roman, 14-point font, which is one of the fonts and point selections approved by the Court in Local Rule 5.1(B).

Dated: October 17, 2014          **NICHOLS KASTER, PLLP**

/s/ Timothy C. Selander
Paul J. Lukas, MN Bar No. 22084X*
Timothy C. Selander, MN Bar No. 0387016*
Anna Prakash, MN Bar No. 0351362*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
lukas@nka.com
selander@nka.com
aprakash@nka.com
*admitted pro hac vice*

**MAYS & KERR, LLC**

Jeff Kerr, GA Bar No. 634260
John Mays, GA Bar No. 986574
235 Peachtree St. NE #202
Atlanta, GA  30303
Telephone: (404) 410-7998
Fax: (404) 855-4066
jeff@maysandkerr.com
john@maysandkerr.com

**ATTORNEYS FOR PLAINTIFFS AND THE COLLECTIVE**