IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLINTON HENDERSON, et al.,
    Plaintiffs

  v.

1400 NORTHSIDE DRIVE, INC.,
    et al.,
        Defendants

Civil ActionNumber
1:13-cv-3767-TWT

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THE
MOTION TO STRIKE, EXCLUDE, OR IGNORE
PLAINTIFFS' MEMORANDA AND FACTUAL STATEMENTS
IN SUPPORT OF THEIR MOTIONS FOR SUMMARY JUDGMENT
(DE 84-1 AND 85-1; 84-2 AND 85-2)
AND
IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT (DE 86 AND 87)**

Less than three months ago, in conjunction with the parties' request that the Court revise its scheduling order, the parties filed a stipulation (DE 66) to simplify the issues. It read, in part:

1

(2) Plaintiffs shall not move for summary judgment or otherwise request that the Court determine as a matter of law that they are and/or were Defendant 1400's employees, that Defendant 1400 is and/or was their employer; or that Plaintiffs were misclassified as independent contractors; ...

DE 66, Stipulation of July 22, 2014.

Despite this agreement, plaintiffs' four memoranda (DE 84-1, 85-1, 86 and 87) and their various factual statements [DE 84-2 and 85-2] are replete with arguments and assertions concerning the plaintiffs' supposed status as "employees" of the defendants[1/] and asking the Court to grant them summary judgment (and to deny summary judgment to defendants) based (at least in part) on such arguments. [2/] This is a violation of the terms to which they agreed in the

---

[1/]   The plaintiffs' first memorandum, DE 84-1, in its very first sentence, misstates what the defendants agreed to in the stipulation. It is simply incorrect to say that the defendants "admitt[ed] that their 'independent contractor' entertainer pay scheme is improper under the Fair Labor Standards Act ('FLSA')." No such admission appears nor was any such admission made; in fact, all that the defendants agreed to was that – without having the classification issue decided – for purposes of this case "Defendant 1400 will not dispute that the Plaintiffs are entitled to all of the benefits of the FLSA, including earning at least the federal minimum wage for each hour worked."

[2/]   See, for example, DE 84-2, p.8, which has the heading "Defendants' Misclassification of Entertainers as 'Independent Contractors'" for ¶¶ 32-57. See, also, DE 85-1, pp.2-3 ("In this case, the interpretation of those regulations and the consideration of the totality of the circumstances are colored almost exclusively by the illegal "independent contractor" pay

(continued...)

2

stipulation.

Given the pervasive presence of these improper arguments, defendants should not have to parse plaintiffs' memoranda to respond only to those parts, if any can be discerned and isolated, that are uninfected by the plaintiffs' violations.[3/] Such a position puts the defendants in an untenable situation: They can accept the trampling of the agreement by the plaintiffs and reply to the memoranda as they stand (risking a ruling based on arguments specifically excluded by stipulation and the Court's order) or they can – at their peril – ignore the arguments which they believe violate the agreement and hope that they do not miss anything vital to the resolution.

A more reasonable solution would be for the Court enforce the stipulation

---

[2/]   (...continued)
scheme that Defendants have abandoned as a defense in this case. As described below, the circumstances caused by Defendants' ongoing (and now admitted) misclassification of their employees as "independent contractors" and the resultant scheme make it impossible for Defendants to obtain offset under the FLSA.")

[3/]   As noted in footnote 1, above, the violations begin in the first sentence of the first memorandum that the plaintiffs filed and continue through the last memorandum of this barrage ("Defendants[] illegally classified their entertainers as independent contractors and paid them nothing." DE 87, p.6)

3

and its Order by striking (or excluding from consideration or ignoring) the four memoranda and two factual statements, denying the plaintiffs their requested summary judgments for failure to support the motions with proper memoranda, and directing that they re-write their memoranda in opposition to defendants' motions in a manner that complies with the terms of the stipulation.

## CONCLUSION

For all of the foregoing reasons, defendants' motion should be granted and appropriate relief granted.

          Respectfully submitted,

          /s/ HERBERT P. SCHLANGER
          Herbert P. Schlanger[4/]
          Ga. Bar Number 629330
          Counsel for defendants

Law Offices of Herbert P. Schlanger
Suite 1890
230 Peachtree Street, N.W.
Atlanta, Georgia  30303
(404) 808-6659 (voice)
(404) 745-0523 (facsimile)
hschlanger@bellsouth.net
herb@schlanger.com

---

[4/]    Counsel hereby certifies, pursuant to the requirements of LR 7.1.D., that the foregoing document was prepared using 14-point Times New Roman type.

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2014, I electronically filed the foregoing memorandum with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Jeff Kerr, Esq. | Paul J. Lukas, Esq. |
| John Mays, Esq. | Timothy C. Selander, Esq. |
| Mays & Kerr | Nicholas D. Thompson, Esq. |
| 235 Peachtree Street, NE | Anna Prakash, Esq. |
| Suite 202 | Nichols Kaster, PLLP |
| Atlanta, GA 30303 | 4600 IDS Center, 80 South 8th Street |
|     jeff@maysandkerr.com | Minneapolis, MN 55402 |
|     John@maysandkerr.com | lukas@nka.com |
| | selander@nka.com |
| | nthompson@nka.com |
| | aprakash@nka.com |

                                                                                         /s/ HERBERT P. SCHLANGER_____
                                                                                      Herbert P. Schlanger
                                                                                      Ga. Bar Number 629330
                                                                                      Counsel for defendants

Law Offices of Herbert P. Schlanger
Suite 1890
230 Peachtree Street, N.W.
Atlanta, Georgia  30303
(404) 808-6659 (voice)
(404) 745-0523 (facsimile)
hschlanger@bellsouth.net
herb@schlanger.com