**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CLINTON HENDERSON and
ANDREW OLINDE, individually and
on behalf of all other similarly situated
individuals,

      Plaintiffs,                      Case No.: **1:13-CV-3767-TWT**

v.

1400 NORTHSIDE DRIVE, INC., d/b/a
SWINGING RICHARDS, and C.B.
JONES,

      Defendants.

**DECLARATION OF REBEKAH L. BAILEY
IN SUPPORT OF PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT, STAGE 2**

1.    My name is Rebekah L. Bailey. I am one of the attorneys representing Plaintiffs in the above-referenced matter. I make this declaration based upon my personal knowledge.

2.    During the first phase of litigation, Plaintiffs took the deposition of Defendant 1400 Northside Drive ("Northside") and its bookkeeper. Excerpts from these depositions are attached hereto as exhibits:

**Exhibit 1**    Deposition of Defendant 1400 Northside Drive ("Northside") through designee James Matthew Colunga (August 21, 2014);

**Exhibit 2**    Deposition of Defendant Northside through designee Karen R. Caudle (August 21, 2014);

**Exhibit 3**    Deposition of Defendant Northside through designee Demetrios "Jimmy" Haralambus (September 18, 2014); and

**Exhibit 4**    Deposition of Karen R. Caudle, in her individual capacity (September 18, 2014).

The full transcripts for the above exhibits have been submitted by the parties during the previous round of summary judgment pursuant to Local Rule 56.1(C) and can be found at ECF Nos. 81-4, 82-4, 82-5, 82-7, 84-4, 84-5, 84-6 and 84-8.

3.     During the first phase of litigation, Defendants took the deposition of Named Plaintiffs Clinton Henderson and Andrew Olinde on August 22, 2014. Excerpts from Plaintiff Olinde's deposition is attached hereto as **Exhibit 5**. The full transcripts for both Named Plaintiffs depositions were submitted by the parties during the previous round of summary judgment pursuant to Local Rule 56.1(C) and can be found at ECF Nos. 81-3, 82-3, 84-8, 84-9.

4.     Exhibit 3 to the deposition of Plaintiff Henderson is Henderson's signed independent contractor agreement, attached hereto as **Exhibit 6**. Some Plaintiffs signed a different version of the agreement, an exemplary copy of which is attached as **Exhibit 7**.

5.     Defendants produced three different versions of Swinging Richards's rules and regulations, which are illustrated in **Exhibits 8** through **10** (referred to by Plaintiffs as Rules & Regs. I, Rules & Regs. II, and Rules & Regs. III).

6.     Plaintiffs' second set of interrogatories and Defendants' answers are collectively attached as **Exhibit 11**.

7.     During the second phase of litigation, Plaintiffs took the deposition of Defendant C.B. Jones ("Jones").  The full transcript of that deposition is attached hereto as **Exhibit 12**.

8.     During the second phase of litigation, Defendants deposed 37 of the 38 Plaintiffs in this action, including re-deposing the two named Plaintiffs on the following dates:  September 11, 23, 24, October 1, 8, and 15 of 2015.  The following exhibits provide full transcripts with appropriate redactions for some of these depositions:

| | |
|---|---|
| **Exhibit 13** | Deposition of Plaintiff Nathan Taylor (September 23, 2015); |
| **Exhibit 14** | Deposition of Plaintiff Valentino James (September 23, 2015); |
| **Exhibit 15** | Deposition of Plaintiff DeMarcus Cook (September 23, 2015); |
| **Exhibit 16** | Deposition of Plaintiff Joseph Leggett (September 24, 2015); |
| **Exhibit 17** | Deposition of Plaintiff Troy Borrego (October 1, 2015); |

**Exhibit 18**        Deposition of Plaintiff Jeremy E. Angerer (October 15, 2015); and

**Exhibit 19**        Deposition of Plaintiff Christopher McGahee (October 15, 2015).

9.      Plaintiffs' counsel determined that the one Plaintiff did not work during the applicable statutory period and therefore did not offer him up for a deposition.

10.      The following exhibits represent in their entirety the documents Defendants produced to Plaintiffs related to the Department of Labor investigation:

**Exhibit 20**        Letter from Daniel W. Bremer, District Director, DOL to "Owner or Representative" (Oct. 20, 1993);

**Exhibit 21**        Letter from Jim Berry, AAtlanta Club Workers to Daniel W. Bremer, District Director, DOL (Nov. 3, 1993);

**Exhibit 22**        Letter from Daniel W. Bremer, District Director, DOL to Jim Berry, Berry Insurance (Nov. 5, 1993);

**Exhibit 23**        Letter from Scott A. Lawson, Pechter & Assocs. to Mary Ziegler, Investigator, DOL (November 10, 1993);

**Exhibit 24**        Letter from Daniel W. Bremer, District Director, DOL to Scott Schulten, Schulten & Ward (December 6, 1993); and

**Exhibit 25**        Letter from Mary Ziegler, Investigator, DOL to Scott A Lawson, Pechter & Assocs. (December 27, 1993).

Defendants did not produce any of the documents referenced in these letters.

11.      Defendants produced today, for the first time, exhibits 21 and 22

identified above.   Defendants also produced today a memorandum from Scott Schulten of Schulten & Ward to All American Entertainment Association Members from December 22, 1993.   The memorandum is attached hereto as **Exhibit 26**, and a related correspondence from Schulten of Schulten & Ward to the Association is attached hereto as **Exhibit 27**.

12.    Plaintiffs are unaware of the connection between Jim Berry, Berry Insurance, the AAtlanta Club Workers, and Defendants.   Defendants represented that it was also unaware of Swinging Richards ever using such a broker service.

13.    Plaintiffs also attach the following documents as exhibits:

**Exhibit 28**    Compilation of Secretary of State filings extracted from the Georgia Secretary of State website on November 5, 2015 by Plaintiffs' counsel;

**Exhibit 29**    Pages extracted from Swinging Richards's Website (last visited Nov. 6, 2015), *available at* www.swingingrichards.com;

**Exhibit 30**    Picture of Swinging Richards' VIP Card;

**Exhibit 31**    Swinging Richards' "Front Door" Rules.

14.    Defendants have informed Plaintiffs that they are having difficulty gathering certain documents responsive to Plaintiffs' discovery requests.   Because of this, Plaintiffs do not yet have all requested documents.

15.    Plaintiffs have not yet, for example, received Defendants' amended tax returns or their electronic time records.   Defendants represented that 2013 tax

returns were amended to include cash tips received from VIP rooms, but no other cash tips.

16.    Upon conferring, Plaintiffs confirmed that Defendants do not have (and therefore will not produce) any additional documents related to the 1993 DOL investigation above and beyond the letters and memorandum identified *supra*. Specifically, no documents exist relating to the meeting with the DOL, and Defendants do not have the attachments referenced in the November 10, 1993 letter.

17.    Defendants represented that it was not producing the following documents referenced in the November 10, 1993 letter because Defendants did not use these documents during the relevant statutory period (i.e. they did not exist): the envelopes, the payroll reports, and payroll summary reports.

18.    On September 25, 2015, the parties agreed that the trial in this case would be conducted on a representative basis, with each party designating five (5) Plaintiffs who they will have the option to call at trial.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:    November 9, 2015                    _____
                                             Rebekah R. Bailey

## APPENDIX A

**EXHIBIT 1:**    Excerpts from the Deposition of Defendant 1400 Northside Drive through designee James Matthew Colunga (August 21, 2014);

**EXHIBIT 2:**    Excerpts from the Deposition of Defendant Northside through designee Karen R. Caudle (August 21, 2014);

**EXHIBIT 3:**    Excerpts from the Deposition of Defendant Northside through designee Demetrios "Jimmy" Haralambus (September 18, 2014);

**EXHIBIT 4:**    Excerpts from the Deposition of Karen R. Caudle, in her individual capacity (September 18, 2014);

**EXHIBIT 5:**    Excerpts from Plaintiff Olinde's deposition (August 22, 2014);

**EXHIBIT 6:**    Independent Contractor Agreement, version 1;

**EXHIBIT 7:**    Independent Contractor Agreement, version 2;

**EXHIBIT 8:**    Rules and Regulations, version 1;

**EXHIBIT 9:**    Rules and Regulations, version 2;

**EXHIBIT 10:**    Rules and Regulations, version 3;

**EXHIBIT 11:**    Collection of Plaintiffs' second set of interrogatories, set II to Defendants and Defendants' answers to interrogatories, set II;

**EXHIBIT 12:**    The deposition of Defendant C.B. Jones (September 11, 2015);

**EXHIBIT 13:**    The deposition of Plaintiff Nathan Taylor (September 23, 2015);

**EXHIBIT 14:**    The deposition of Plaintiff Valentino James (September 23, 2015);

**EXHIBIT 15:**    The deposition of Plaintiff DeMarcus Cook (September 23, 2015);

**EXHIBIT 16:**     The deposition of Plaintiff Joseph Leggett (September 24, 2015);

**EXHIBIT 17:**     The deposition of Plaintiff Troy Borrego (October 1, 2015);

**EXHIBIT 18:**     The deposition of Plaintiff Jeremy E. Angerer (October 15, 2015);

**EXHIBIT 19:**     The deposition of Plaintiff Christopher McGahee (October 15, 2015);

**EXHIBIT 20:**     Letter from Daniel W. Bremer, District Director, DOL to "Owner or Representative" (Oct. 20, 1993);

**EXHIBIT 21:**     Letter from Jim Berry, AAtlanta Club Workers to Daniel W. Bremer, District Director, DOL (Nov. 3, 1993);

**EXHIBIT 22:**     Letter from Daniel W. Bremer, District Director, DOL to Jim Berry, Berry Insurance (Nov. 5, 1993);

**EXHIBIT 23:**     Letter from Scott A. Lawson, Pechter & Assocs. to Mary Ziegler, Investigator, DOL (November 10, 1993);

**EXHIBIT 24:**     Letter from Daniel W. Bremer, District Director, DOL to Scott Schulten, Schulten & Ward (December 6, 1993);

**EXHIBIT 25:**     Letter from Mary Ziegler, Investigator, DOL to Scott A Lawson, Pechter & Assocs. (December 27, 1993);

**EXHIBIT 26:**     Memorandum from Scott Schulten, Schulten & Ward to American Entertainment Association Members (December 22, 1993);

**EXHIBIT 27:**     Letter from Scott Schulten Schulten & Ward to Board of Directors, American Entertainment Association, Inc. (December 21, 1993);

**EXHIBIT 28:**     Compilation of Secretary of State filings extracted from the Georgia Secretary of State website on November 5, 2015 by Plaintiffs' counsel;

3

**EXHIBIT 29:**    Pages extracted from Swinging Richards's Website (last visited Nov. 6, 2015), *available at* www.swingingrichards.com;

**EXHIBIT 30:**    Picture of Swinging Richards' VIP Card;

**EXHIBIT 31:**    Swinging Richards' "Front Door" Rules.