IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLINTON HENDERSON, et al.,

    Plaintiffs,

      v.

1400 NORTHSIDE DRIVE, INC.
doing business as
Swinging Richards, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:13-CV-3767-TWT

**OPINION AND ORDER**

This is an action under the Fair Labor Standards Act ("FLSA") for the recovery

of unpaid minimum wages. It is before the Court on the Plaintiffs' Motion for Partial

Summary Judgment [Doc. 124]. For the reasons set forth below, the Plaintiffs'

Motion for Partial Summary Judgment [Doc. 124] is GRANTED in part and DENIED

in part.

**I. Background**

The Plaintiffs are current and former exotic dancers for Swinging Richards, a

male strip club, ("the Club") which is owned and operated by the Defendant 1400

Northside Drive, Inc.[1] The Defendant C.B. Jones owns the Defendant 1400 and has been its chief executive officer and chief financial officer for at least the last eight years.[2] The Club classifies the dancers as independent contractors, and they are compensated exclusively through customer tips.[3] The Plaintiffs brought suit, alleging that the Defendants violated the FLSA by improperly classifying them as independent contractors and not paying them a minimum wage.

On June 19, 2015, the Court granted the Plaintiffs' Motion for Partial Summary Judgment with regard to the Defendants' creative professional exemption and offset defenses.[4] The Plaintiffs now move for partial summary judgment on a number of issues. First, they contend that the Defendant 1400 is engaged in commerce and, therefore, subject to the FLSA. Second, they contend that the Defendant Jones is an "employer" under the FLSA. Third, they contend that the Defendants willfully violated the FLSA and, as a result, are not entitled to a "good faith" defense. Fourth, they contend that the "back-pay calculation here must also include reimbursements

---

[1]     Pls.' Statement of Facts in Supp. of Mot. for Partial Summ. J. ¶¶ 1, 4.

[2]     Id. ¶¶ 10, 16.

[3]     Id. ¶¶ 48, 106.

[4]     [Doc. 105].

for unlawful kickbacks."[5] Finally, they contend that the Defendants' counterclaims for breach of contract and unjust enrichment must be denied.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[6] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[7] The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.[8] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[9] A "mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[10]

---

[5]     Pls.' Mot. for Partial Summ. J., at 19.

[6]     FED. R. CIV. P. 56(c).

[7]     Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[8]     Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[9]     Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[10]     Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir.1990).

A party may move for summary judgment on a part of a claim or defense.[11] An "order granting partial summary judgment from which no immediate appeal lies is merged into the final judgment and reviewable on appeal from that final judgment. . . .An order granting [summary] judgment on certain issues is a judgment on those issues. It forecloses further dispute on those issues at the trial stage. An order denying a motion for partial summary judgment, on the other hand, is merely a judge's determination that genuine issues of material fact exist. It is not a judgment, and does not foreclose trial on the issues on which summary judgment was sought."[12]

## III. Discussion

### A. 1400 Northside Drive, Inc.'s Liability

The Plaintiffs argue that the Defendant 1400 is liable for violations of 29 U.S.C. § 206 of the FLSA. To hold an enterprise liable under § 206 – the minimum wage section – the enterprise must be "engaged in commerce."[13] An enterprise is "engaged in commerce" if its "employees [are] handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."[14] The

---

[11]    FED. R. CIV. P. 56(a).

[12]    Lind v. United Parcel Serv., Inc., 254 F.3d 1281, 1284 n.4 (11th Cir. 2001) (quoting Glaros v. H.H. Robertson Co., 797 F.2d 1564, 1573 (Fed. Cir. 1986)).

[13]    29 U.S.C. § 206(a).

[14]    29 U.S.C. § 203(s)(1)(A)(i).

term "commerce" is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."[15] In addition to engaging in commerce, the enterprise must have an "annual gross volume of sales made or business done [that] is not less than $500,000" to be liable under the Act.[16]

Here, the Defendant 1400 concedes that its gross annual sales are in excess of $500,000,[17] but the parties dispute whether it is engaged in commerce. The Plaintiffs contend that the Defendant 1400 is engaged in commerce because it "sells customers both domesticated and imported alcohol that the club obtains from outside of Georgia."[18] The Defendants admit this allegation.[19] The Defendants, however, argue that the Club is the ultimate consumer of the packages of alcohol, not the customers. Moreover, the Defendants contend that it would be illegal under both Georgia law and Atlanta ordinances to resell packages of liquor to consumers. Thus, according to the

---

[15]    Id. § 203(b).

[16]    Id. § 203(s)(1)(A)(ii).

[17]    See Defs.' Resp. to Pls.' Statement of Facts ¶ 9 (admitting that the company's gross annual sales exceed $500,000).

[18]    Pls.' Mot. for Partial Summ. J., at 5.

[19]    Defs.' Resp. to Pls.' Statement of Facts ¶ 8; Def. 1400 Answer to Second Am. Compl. ¶ 16.

Defendants, "[t]he only fair inference to be drawn is that the club complies with both Georgia law and Atlanta ordinances and purchases sealed bottles of liquor from licensed distributors in Georgia for use by the club as the ultimate consumer."[20]

The Court finds that the Defendant 1400 is subject to the FLSA minimum wage requirement. To begin, the Court rejected the Defendants' argument regarding the alcohol sales at the Motion to Dismiss stage.[21] The Court noted that because "the FLSA defines 'goods' as 'goods or articles or subjects of commerce of any character, *or any part or ingredient thereof*,'. . . the individual bottles of alcohol, as well as the alcohol itself, are 'goods' under the FLSA."[22] Thus, when the Defendant 1400 sells alcoholic beverages to its customers, the customers are the ultimate consumers of goods that moved through commerce. In sum, because the Defendants have failed to create an issue of fact regarding the Defendant 1400's liability under § 206, the Plaintiffs' Motion for Partial Summary Judgment should be granted in this respect.

---

[20]    Defs.' Br. in Opp'n to Pls.' Mot. for Partial Summ. J., at 5 (citation omitted).

[21]    [Doc. 72], at 5-6.

[22]    Id. at 6 n.18 (emphasis in original) (quoting 29 U.S.C. § 203(i)).

**B. C.B. Jones's Liability**

The Plaintiffs contend that the Defendant C.B. Jones – the owner of the Club – is individually liable for the FLSA violations. Jones cannot be held individually liable under the FLSA unless he qualifies as an "employer" under the Act.[23] In order to hold an officer liable as an employer, "an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee."[24]

Here, the Plaintiffs argue that Jones wielded enough control over the Club for him to qualify as an employer. In support of this contention, the Plaintiffs point to several undisputed facts, including: (1) the Club managers, DJs, bartenders, waiters, doormen, and entertainers consider Jones to be "the boss";[25] (2) Jones hires the Club's management, and he has hired, disciplined, and fired entertainers;[26] (3) Jones decided to keep track of the entertainers' hours and tip earnings after the instant suit was filed;[27] (4) Jones supervised entertainers through meetings and was involved in

---

[23]   29 U.S.C. §§ 203(d), 206(a).

[24]   Patel v. Wargo, 803 F.2d 632, 638 (11th Cir. 1986).

[25]   Statement of Material Facts in Supp. of Pls.' Mot. for Partial Summ. J. ¶ 20.

[26]   Id. ¶¶ 21, 39, 42-43.

[27]   Id. ¶ 103.

resolving disputes between entertainers;[28] and (5) Jones decided to classify the entertainers as independent contractors.[29] Based on these undisputed facts and several others listed by the Plaintiffs in their Motion, it is clear that Jones directly supervises the Club's employees and is involved in its day-to-day operations.[30]

In response, the Defendants contend that there is a question of fact as to whether Jones or James Colunga – the Club's general manager – is responsible for running the day-to-day operations of the Club and supervising the entertainers. The Defendants point to two parts of Colunga's testimony as proof that a reasonable inference can be raised that Colunga manages the Club. Specifically, the Defendants note that Colunga testified that he is the "general manager" and reports directly to Jones, and that Colunga changed the "house fee" by himself.[31] While this evidence may indicate that Colunga exercises some authority over the Club, it fails to create an issue of fact with regard to whether Jones *also* exercises authority over the day-to-day

---

[28]    Id. ¶¶ 37, 42.

[29]    Id. ¶¶ 46-48.

[30]    See Coppage v. Bradshaw, 665 F. Supp. 2d 1361, 1364 (N.D. Ga. 2009) (holding that a president of a company was an employer under the FLSA based on his participation in the day-to-day operations of the company and his direct supervision of the company's managing directors).

[31]    Colunga Dep. at 8, 60.

operations of the Club and supervises the entertainers.[32] Consequently, the

Defendants' admissions of fact demonstrate that Jones qualifies as an employer as

defined by the FLSA. The Plaintiffs' Motion for Partial Summary Judgment is granted

in this respect.

## C. Statute of Limitations

The statute of limitations for an ordinary minimum wage claim is two years.[33]

If a plaintiff demonstrates a willful violation of the FLSA, however, the statute of

limitations extends to three years.[34] A violation is "willful" if "the employer either

knew or showed reckless disregard for the matter of whether its conduct was

prohibited by the [FLSA]."[35] The burden rests with the plaintiff to prove the employer

willfully violated the FLSA.[36] "If an employer acts unreasonably but not recklessly

in determining its legal obligation under the FLSA, then its actions should not be

---

[32]   See De Leon-Granados v. Eller & Sons Trees, Inc., 581 F. Supp. 2d 1295, 1303 (N.D. Ga. 2008) ("Supreme Court precedent holds that there may be several simultaneous employers of any individual worker." (citing Falk v. Brennan, 414 U.S. 190, 195 (1973))).

[33]   29 U.S.C. § 255(a).

[34]   Id.

[35]   McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).

[36]   Ojeda-Sanchez v. Bland Farms, LLC, 499 Fed. Appx. 897, 902 (11th Cir. 2012).

considered willful and the two-year statute of limitations should be applied."[37]

"Whether a violation is willful is a jury question."[38]

Here, the Plaintiffs contend that the Defendants willfully violated the minimum wage requirement. They allege that the Defendants failed to keep track of the entertainers' hours and tips and did not ensure that the "club fees" satisfied the minimum wage requirement, despite their knowledge that the Club's entertainers qualified as employees under the FLSA.[39] In response, the Defendants argue that Jones relied on a statement from the Department of Labor that "table dance fees retained by the dancer may be used to meet the employer's minimum wage obligation to that dancer."[40] Moreover, Jones testified that, in 2012, he checked to ensure the entertainers' wages satisfied the minimum wage requirement, and, based on the club fees, it appeared the requirement was satisfied.[41]

---

[37]     Allen v. Board of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1324 (11th Cir. 2007).

[38]     Coppage v. Bradshaw, 665 F. Supp. 2d 1361, 1364 (N.D. Ga. 2009) (citing Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1282-83 (11th Cir. 2008)).

[39]     Reply Br. in Supp. of Pls.' Mot. for Partial Summ. J., at 11.

[40]     Defs.' Br. in Opp'n to Pls.' Mot. for Partial Summ. J., Ex. 3.

[41]     Jones Dep. at 32-36.

Based on these representations, the Court concludes there is a material question of fact as to whether the Defendants knowingly or recklessly violated the FLSA.[42] The Plaintiffs contend that the Defendants knew that their system of club fees and failure to record the entertainers' wages and hours violated the FLSA. The Defendants assert that their conduct was in compliance with the FLSA and in accordance with Department of Labor policy. This is sufficient for a reasonable jury to conclude that the Defendants "'act[ed] unreasonably, but not recklessly, in determining [their] legal obligation' under the Act."[43] Consequently, the Plaintiffs' Motion for Partial Summary Judgment concerning the three-year statute of limitations is denied.

## D. Liquidated Damages

Parties "who prevail under the FLSA are entitled to recover liquidated damages unless the employer makes an affirmative showing that it acted in good faith."[44] To "establish its good faith, [an employer] must prove both that it acted with a good faith belief that its procedures did not violate the law and that it had reasonable grounds for

---

[42]    See Coppage, 665 F. Supp. 2d at 1364-65 (holding a question of fact existed as to whether the defendant willfully violated the FLSA).

[43]    Davila v. Menendez, 717 F.3d 1179, 1185 (11th Cir. 2013) (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 135 n.13 (1988)).

[44]    Ojeda-Sanchez v. Bland Farms, LLC, 499 Fed. Appx. 897, 902 (11th Cir. 2012); see also 29 U.S.C. § 260.

believing this."[45] However, if the jury determines that the employer committed a "willful" violation of the FLSA, it is precluded from asserting a "good faith" defense.[46] Thus, "[w]here there is sufficient evidence from which a jury could find a 'willful' violation, the district court is 'require[d] to await the finding of the jury about willfulness' before making a determination as to 'good faith' in the context of liquidated damages."[47] Here, because the Court has concluded a jury question exists as to the issue of willfulness, the Court must wait to rule on the Defendants' good faith defense. Accordingly, the Plaintiffs' Motion for Partial Summary Judgment as to the issue of the Defendants' good faith is denied.

### E. Compensatory Damages Calculation

The Plaintiffs move for summary judgment with regard to their compensatory damages calculation. Specifically, the Plaintiffs assert that the "Defendants owe Plaintiffs $7.25 per hour for each hour worked, 29 U.S.C. § 206(a), plus reimbursement of all fines, fees, and 'tip outs' Plaintiffs paid to the club as a condition of employment."[48] Because the Defendants do not dispute the Plaintiffs' compensatory

[45]   Ojeda-Sanchez, 499 Fed. Appx. at 903; see also 29 U.S.C. § 260.

[46]   Davila, 717 F.3d at 1186.

[47]   Swan v. Nick Grp., Inc., No. 1:11-cv-1713-WSD, 2013 WL 5200508, at *8 (N.D. Ga. Sept. 13, 2013) (quoting Davila, 717 F.3d at 1186).

[48]   Pls.' Mot. for Partial Summ. J., at 19.

damages calculation,[49] the Plaintiffs' Motion for Partial Summary Judgment is granted in this respect.

**F. 1400 Northside Drive, Inc.'s Counterclaims**[50]

The Defendant 1400 filed counterclaims for breach of contract and unjust enrichment. The Plaintiffs now move for summary judgment on both counterclaims. Although the Defendants make a procedural objection to consideration of the motion at this time, they fail to address the merits at all. The Plaintiffs may not contractually waive their rights under the FLSA. Accordingly, the Plaintiffs' Motion for Partial Summary Judgment regarding the counterclaims is granted.

---

[49]    Defs.' Br. in Opp'n to Pls.' Mot. for Partial Summ. J., at 9.

[50]    Though neither party challenges the Court's jurisdiction regarding the counterclaims, the Court finds that it has supplemental jurisdiction over the claims. See 28 U.S.C. § 1367(a). "The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." Lucero v. Trosch, 121 F.3d 591, 597 (11th Cir. 1997). "The FLSA claim and the counterclaims stem from the employer/employee relationship and the duties and obligations of both [the Defendant 1400] and [the Plaintiffs]." Rivero v. Lefeld & Son, LLC, No. 13-81154-CIV, 2014 WL 2095219, at *4 (S.D. Fla. May 20, 2014). Accordingly, the Court holds it is appropriate to exercise supplemental jurisdiction.

## IV. Conclusion

For these reasons, the Court GRANTS in part and DENIES in part the

Plaintiffs' Motion for Partial Summary Judgment [Doc. 124].

SO ORDERED, this 3 day of June, 2016.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge