# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

---

CLINTON HENDERSON  and
ANDREW OLINDE, individually and
on behalf of all other similarly situated
individuals,

      Plaintiffs,                        Civil Action No.: 1:13-cv-3767-TWT

v.

1400   NORTHSIDE   DRIVE,   INC.
d/b/a SWINGING   RICHARDS,   and
C.B. JONES,

      Defendants.

---

## PLAINTIFFS' PROPOSED JURY CHARGE

---

      Plaintiffs submit for the Court's consideration the following proposed jury instructions to be read at the commencement of trial after the jury is seated, and prior to jury deliberations.  Plaintiffs reserve the right to supplement or revise these instructions as necessary depending on the outcome of unresolved issues raised by the parties before or during trial.

## PRELIMINARY INSTRUCTIONS PRIOR TO TRIAL

Plaintiffs propose that the following instructions be read at the start of trial after the jury is seated:

### P-1

### General Preliminary Instruction[*]

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors.  These are preliminary instructions.  I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts.  It's my job to provide you with the law you must apply—and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms.  It can be testimony about what someone saw, heard, or smelled.  It can be an exhibit or a photograph.  It can be someone's opinion.

---

[*] Pattern Civ. Jury Instr. 11th Cir. 1.1 (2013).

Some evidence may prove a fact indirectly.  Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas.  This may be indirect evidence that it rained, even though the witness didn't personally see it rain.  Indirect evidence like this is also called "circumstantial evidence"— simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect.  You may choose to believe or disbelieve either kind.  Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence.  In their opening statements and closing arguments, the lawyers will discuss the case.  Their remarks may help you follow each side's arguments and presentation of evidence.  But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence.  Only the witnesses' answers are evidence.  Don't decide that something is true just because a lawyer's question suggests that it is.  For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?"  That question is not evidence of

what the witness saw or what Mr. Jones did—unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence.  When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he or she thinks the rules of evidence don't permit it.  If I overrule the objection, then the witness may answer the question or the court may receive the exhibit.  If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit.  When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence—this is also called "striking" evidence—and order you to disregard or ignore it.  That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose.  When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  When considering a witness's testimony, you may take into account:

4

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

## P-2

### <u>Description of the Case: General</u>[*]

This is a civil case.   To help you follow the evidence, I will summarize the parties' positions.

The Plaintiffs who brought this lawsuit worked as entertainers, also referred to as exotic dancers, at an Atlanta strip club called Swinging Richards. Throughout trial, you may hear the Court and the parties refer to these workers as the "Plaintiffs," the "employees," "the entertainers," or the "dancers."

The dancers filed this lawsuit under the Fair Labor Standards Act, which is the federal law that governs the payment of wages to workers.  They allege that the Defendants unlawfully treated them as independent contractors instead of employees, did not pay them the appropriate minimum wages, and made them pay to work by charging various fees and fines, and by requiring them to pay tips to other workers.  The dancers seek to recover unpaid minimum wages, as well as the money that they paid in fees, fines, and tip-outs.

As I will explain, this case is a collective action.  This means that notice of the case was sent to all affected employees, who were given the opportunity to join the case.  In total, 37 dancers have joined.

---

[*] Pattern Civ. Jury Instr. 11th Cir. 1.1 (2013) (modified); Am. Compl., ECF No. 24; Jt. Pretrial Order 3–5, ECF No. 139; Stipulation 2, ECF No. 27; Order, ECF No. 33.

There are two defendants in this case.   The Defendants include one company, and one individual.  The corporate Defendant is 1400 Northside Drive, Inc. d/b/a Swinging Richards.  The individual Defendant is Cummins B. "C.B." Jones II.   You may hear the Court and the parties refer to the Defendants as "Defendants," "Swinging Richards," "Richards," "the Club," or the "employers."

**P-3**

## **Description of the Case: Collective Action**[*]

The Fair Labor Standards Act allows employees to pursue their claims together in one case, called a collective action, rather than in many individual cases.  This case is a collective action, and therefore the law does not require all 37 dancers to testify at trial.  Rather, you will hear testimony from a representative group of dancers, along with other evidence.

---

[*] 29 U.S.C. § 216(b); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1278–79 (11th Cir. 2008); *Reich v. Gateway Press, Inc.*, 13 F.3d 685, 701–02 (3d Cir. 1994); *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1298 (3d Cir. 1991); *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985); *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 472 (11th Cir. 1982).

**P-4**

**Description of the Case: Issues to Be Decided**[*]

I have already made several rulings on the dancers' claims and the Defendants' defenses.  I will summarize them for you now.

Defendants argued that they are not employers who are required to comply with the Fair Labor Standards Act.  The Court has rejected this argument, and has found that Defendants 1400 Northside Drive Inc. d/b/a Swinging Richards and C.B. Jones are employers who are responsible for complying with the Fair Labor Standards Act.

Defendants have admitted that the dancers should have been treated as employees under the Fair Labor Standards Act, and not independent contractors.

Defendants argued that the dancers are not entitled to the protections of the Fair Labor Standards Act under what is called the creative professional exemption. The Court has rejected that argument, and ruled that Defendants must pay the dancers the federal minimum wage for each hour they worked and pay back all house fees, fines, and money Defendants required the dancers to tip other workers.

---

[*] Summ. J. Orders, ECF Nos. 105, 132; 29 U.S.C. § 216(b); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1278–79 (11th Cir. 2008); *Reich v. Gateway Press, Inc.*, 13 F.3d 685, 701–02 (3d Cir. 1994); *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1298 (3d Cir. 1991); *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985); *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 472 (11th Cir. 1982); *Hart v. Rick's Cabaret Intern., Inc.*, 73 F. Supp. 3d 382, 388–92 (S.D.N.Y. 2014).

Defendants argued that tips paid by customers could be used to offset the money Defendants owe the dancers under the Fair Labor Standards Act.  The Court has rejected this argument.  This means Defendants cannot use the payments made by customers to the dancers for dances to satisfy Defendants' obligation to pay the dancers the federal minimum wage, or toward Defendants' obligation to pay back the house fees and fines paid by the dancers, and the money they were required to tip other workers.

As a result of my rulings, your role in this trial will be limited to determining certain facts relating to the amount of damages that the Defendants must now pay for violating the law, and to determining whether the Defendants' violation of the law was "willful" or "reckless."

First, you will determine the following facts relating to damages for each of the dancers who testify: (1) employment start and end dates; (2) the average number of shifts they worked per week; (3) the number of hours they worked per shift; and (4) the average fines they paid per week.  You will also be charged with determining the employment start and end dates of the dancers who do not testify in person at trial.  You will not need to determine the shifts, hours, or fines for the dancers who do not testify.  Your findings for each of the testifying dancers will be used after the trial to calculate the precise dollar amount owed to each of them.  The Court will also use these amounts to determine the damages owed to the

dancers who do not testify.

Second, you will determine whether the Defendants' violation of the law was "willful" or "reckless."  The Defendants' violation was "willful" if they either knew that their conduct was prohibited by the law or showed reckless disregard for whether it was.  If the violation of the law was "willful," then the Defendants must pay three years of damages.  If the violation was not willful, then the Defendants must pay two years of damages.

**P-5**

**<u>Description of the Case: Factual Stipulations</u>**[*]

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case. In this case, the parties have stipulated to various facts, which I will read to you now. [The Court then reads the parties' Factual Stipulations, which is Attachment E (pp. 39–48) to the parties' Joint Pretrial Order, ECF No. 139.]

---

[*] Pattern Civ. Jury Instr. 11th Cir. 2.1 (2013) (modified); Jt. Pretrial Order 39–48.

**P-6**

**Use of Depositions; 30(b)(6) Witnesses**[*]

You may hear deposition testimony from several witnesses during the course of the trial.  A deposition is a witness's sworn testimony that is taken before the trial.  During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.  Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

There may also be certain deposition witnesses identified as Rule 30(b)(6) witnesses.  These witnesses were designated by Defendants to give deposition testimony on certain subjects.  These witnesses are required to testify about information known or reasonably available to Defendants.  The Defendants are bound by the answers of their Rule 30(b)(6) witnesses.

---

[*] Pattern Civ. Jury Instr. 11th Cir. 2.2 (2013); Fed. R. Civ. P. 30(b)(6).

**P-7**

## **Conduct of the Jury; Taking Notes**[*]

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case.  You may tell people that you're a juror and give them information about when you must be in court.  But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations.  You want to make sure you've heard everything—all the evidence, the lawyers' closing arguments, and my instructions on the law—before you begin deliberating.  You should keep an open mind until the end of the trial.  Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law.  Don't read or listen to the news about this

---

[*] Pattern Civ. Jury Instr. 11th Cir. 1.1 (2013).

case, visit any places related to this case, or research any fact, issue, or law related to this case.  The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it.  It's very important that you understand why these rules exist and why they're so important.  You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom.  For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source.  Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair—no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said.  If you do take notes, please don't share them with anyone until you go to the jury room to decide the case.  Don't let note-taking distract you from carefully listening to and observing the witnesses.  When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony.  Your notes are there only to help your memory.  They're not entitled to greater weight than your memory or impression about the testimony.

**P-8**

**<u>Course of the Trial</u>**[*]

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, the dancers will present witnesses and ask them questions. After the dancers' lawyer questions the witness, the Defendants' lawyer may ask the witness questions. Then, the Defendants will present witnesses, and the dancers' lawyers may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

---

[*] Pattern Civ. Jury Instr. 11th Cir. 1.1 (2013).

## <u>INSTRUCTIONS BEFORE DELIBERATIONS</u>

Plaintiffs request that the Court charge the jury with the following instructions after the parties rest:

### P-9

### <u>The Duty to Follow Instructions</u>[*]

Your decision must be based only on the evidence presented here.  You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole.  You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

---

[*] Pattern Civ. Jury Instr. 11th Cir. 3.2.2 (2013).

**P-10**

## Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court[*]

As I said before, you must consider only the evidence that I have admitted in the case.  Evidence includes the testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There's no legal difference in the weight you may give to either direct or circumstantial evidence.

---

[*] Pattern Civ. Jury Instr. 11th Cir. 3.3 (2013).

## P-11

## __Credibility of Witnesses__[*]

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

---

[*] Pattern Civ. Jury Instr. 11th Cir. 3.4 (2013).

**P-12**

## Impeachment of Witnesses Because of Inconsistent Statements[*]

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

---

[*] Pattern Civ. Jury Instr. 11th Cir. 3.5.1 (2013).

## P-13

### Responsibility for Proof; Plaintiffs' Claims; Preponderance of the Evidence[*]

In this case it is the responsibility of the dancers to prove every essential part of their claims by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the dancers' claim is more likely true than not true.  In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

As I explained to you at the start of the trial, the Court has already determined that the dancers are owed federal minimum wage for each hour they worked, and reimbursement for all house fees, fines, and money that they were required to tip other employees.  As a result of my rulings, your role will be to determine several facts relating to the amount of damages that the Defendants must

---

[*] Pattern Civ. Jury Instr. 11th Cir. 3.7.1 (2013) (modified); Summ. J. Orders, ECF Nos. 105, 132; *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133–35 (1988); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1278–79 (11th Cir. 2008); *Reich v. Gateway Press, Inc.*, 13 F.3d 685, 701–02 (3d Cir. 1994); *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1298 (3d Cir. 1991); *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985); *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 472 (11th Cir. 1982).

now pay for violating the law, and to determining whether the Defendants' violation of the Fair Labor Standards Act was "willful" or "reckless."

First, you are charged with determining the following facts relating to damages for each of the dancers who testified: (1) employment start and end dates; (2) the average number of shifts they worked per week; (3) the number of hours they worked per shift; and (4) the average fines they paid per week. You are also charged with determining the employment start and end dates of the dancers who do not testify in person at trial.

The dancers must prove these facts by a preponderance of the evidence. However, they are not required to do so with mathematical exactness. As I will explain in a moment, the dancers may prove these facts by a "just and reasonable inference." In addition, you will not need to determine the shifts, hours, and fines for the dancers who do not testify. Your findings for each of the dancers who testify will be used after the trial to calculate the precise dollar amount owed to each testifying entertainer. The Court will also use these amounts to determine the damages owed to the dancers who do not testify.

Second, you are charged with determining whether the Defendants' violation of the Fair Labor Standards Act was "willful" or "reckless." If the proof fails to establish willfulness by a preponderance of the evidence, you should find for the Defendants as to that claim.

**P-14**

## **Collective Action**[*]

As I explained to you at the start of trial, because this case is a collective action, it is not necessary for all of the dancers to come into court to testify to prove their claims.  The Court has determined that the testimony of at least five dancers will serve as a fair representation of all of the dancers' claims.  The dancers can prove their claims through their own testimony, through eliciting evidence from Defendants and their representatives and employees, and through documentary evidence.

---

[*] 29 U.S.C. § 216(b); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1278–79 (11th Cir. 2008); *Reich v. Gateway Press, Inc.*, 13 F.3d 685, 701–02 (3d Cir. 1994); *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1298 (3d Cir. 1991); *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985); *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 472 (11th Cir. 1982).

**P-15**

## Employers' Duty to Keep Records; Just and Reasonable Inference[*]

The law imposes a duty on employers to keep and maintain accurate records of the dates and hours worked by their employees, their earnings, any deductions, and other information.  Defendants did not keep and maintain accurate records for their dancers.

When the employer does not keep these records, the employer has to bear the burden of any lack of preciseness.  Employers such as Defendants in this case may not transfer the responsibility of ensuring those records' accuracy to their employees, such as the dancers here.

Because Defendants did not keep and maintain accurate records, the dancers are entitled to prove their dates worked, shifts worked, hours worked, and fines paid by a just and reasonable inference, even if these amounts are approximate. The dancers do not need to provide exact proof; rather, their honest estimates are enough.  The burden then shifts to Defendants to come forward with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.

---

[*] 29 U.S.C. § 211(c); 29 C.F.R. § 516.2; *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946); *Clark v. Centene Co. of Texas, L.P.*, 104 F. Supp. 3d 813, 827-31 (W.D. Tex. 2015).

**P-16**

**<u>Gratuities or Tips</u>**[*]

In your deliberations, you must not consider the amount the dancers received in tips from customers.  The law requires employers to pay employees minimum wages regardless of whether the employees also receive tips from customers.  In certain circumstances under the law, some employers may pay tipped employees less than the regular minimum wage.  However, those circumstances are not present in this case.

---

[*] Jt. Pretrial Order ¶ 53, ECF No. 139.

**P-17**

## **An Employee Cannot Waive His Right to Minimum Wage**[*]

An employee cannot waive his right to receive minimum wages free and clear of kickbacks under the law.  This means that an employee cannot agree to work for less than the law requires, or to pay to work, even if he wants to do so. Therefore, in your deliberations you must not consider whether the dancers may have consented to or agreed to work for tips only, or to pay to work for Defendants.

---

[*] *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

**P-18**

**<u>Willful or Reckless Disregard</u>**[*]

You must also determine if the Defendants acted willfully or with reckless disregard for the law when they classified the dancers as independent contractors, did not pay appropriate minimum wages, and required them to pay fees, fines, and tip-outs.

When an employer violates the law, the employee can recover damages for the two years they worked before they joined the case, and continuing to the end of their employment.  However, if an employer willfully violates the law, then the employee can recover for the three years they worked before they joined the case, and continuing to the end of their employment.

The dancers must prove by a preponderance of the evidence that the Defendants either knew that their conduct was prohibited by the law, or showed reckless disregard about whether it was.  To prove a knowing or reckless violation, the dancers do not have to prove that the Defendants acted with malice or bad faith.  Reckless disregard is sufficient.

---

[*] 29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133–35 (1988); *Davila v. Menendez*, 717 F.3d 1179, 1185 (11th Cir. 2013); *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1324 (11th Cir. 2007); 5 C.F.R. § 551.104; 29 C.F.R. § 578.3.

Reckless disregard means a failure to make adequate inquiry into whether conduct is in compliance with the law.  If an employer acts unreasonably but not recklessly in determining its legal obligations, then its actions should not be considered willful.  An employer's conduct may be deemed to be in reckless disregard of the law, among other situations, if the employer should have inquired further into whether its conduct was in compliance with the law, and failed to make adequate further inquiry.

**P-19**

## **Election of Foreperson Explanation of Verdict Form** [*]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain Verdict Form.]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

---

[*] Pattern Civ. Jury Instr. 11th Cir. 3.9 (2013)

DATE: January 12, 2017            **NICHOLS KASTER, PLLP**

*s/ Michele R. Fisher*
Paul J. Lukas, MN No. 22084X*
Rebekah L. Bailey, MN No. 0389599*
Michele R. Fisher, GA No. 076198
Robert L. Schug, MN No. 0387013*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
lukas@nka.com
bailey@nka.com
fisher@nka.com
schug@nka.com
*admitted pro hac vice*

**MAYS & KERR, LLC**
Jeff Kerr, GA Bar No. 634260
John Mays, GA Bar No. 986574
235 Peachtree St. NE #202
Atlanta, GA  30303
Telephone: (404) 410-7998
Fax: (404) 855-4066
jeff@maysandkerr.com
john@maysandkerr.com

**ATTORNEYS FOR PLAINTIFFS
AND THE COLLECTIVE**

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel for Plaintiffs certifies that this document has been prepared in Times New Roman, 14-point font, which is one of the fonts and point selections approved by the Court in Local Rule 5.1(B).

Dated:  January 12, 2017                */s/ Michele R. Fisher*
                                        Michele R. Fisher

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

## CERTIFICATE OF SERVICE

*Henderson et al. v. 1400 Northside Drive, Inc. d/b/a Swinging Richards and C.B. Jones*

### Court File No.: 1:13-cv-3767-TWT

I hereby certify that on January 12, 2017, I electronically filed the foregoing

### PLAINTIFFS' PROPOSED JURY CHARGE

with the Clerk of the Court using the CM/ECF system, which will automatically

email notification to the following attorneys of record:

Herbert P. Schlanger
Ga. Bar Number 629330
hschlanger@bellsouth.net
herb@schlanger.com
Law Office of Herbert P. Schlanger
Suite 1890
230 Peachtree Street, N.W.
Atlanta, GA  30303
404-808-6659

Attorney for Defendants 1400 Northside Drive, Inc. d/b/a Swinging Richards and C.B. Jones.

Dated:  January 12, 2017                    */s/ Michele R. Fisher*