## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CLINTON HENDERSON and
ANDREW OLINDE, individually and
on behalf of all other similarly situated
individuals,

      Plaintiffs,

v.

1400 NORTHSIDE DRIVE, INC., d/b/a
SWINGING RICHARDS, and C.B.
JONES,

      Defendants.

Case No.: 1:13-CV-3767-TWT

## DECLARATION OF MICHELE R. FISHER IN SUPPORT OF
## PLAINTIFFS' MOTION FOR APPROVAL OF SETTLEMENT

      1.      My name is Michele R. Fisher.  I am one of the attorneys representing Plaintiffs in the above-referenced matter.  I make this declaration based upon my personal knowledge.

      2.      A total of thirty seven (37) individuals are plaintiffs in this action, including the named Plaintiffs.

      3.      Over the course of this litigation, the parties engaged in discovery, and exchanged documents and data related to the claims.

4.     Plaintiffs had to subpoena information from the Atlanta Police Department to identify the putative collective members for the purpose of sending notice of this action, and to obtain permit dates the entertainers were authorized to work for the club.

5.     Plaintiffs' Counsel, with assistance from their staff, interviewed each Plaintiff to obtain information related to their claim.

6.     Plaintiffs deposed Defendant C.B. Jones, the club's accountant, its bookkeeper, its former manager, and its former attorney.  Defendant Jones made for a challenging witness due to medical issues and memory loss from several strokes.  The testimony of the club's owner, attorney, accountant, and bookkeeper was important to Defendants' defense that their manner of paying the entertainers complied with the law, as they claimed they relied on this advice.

7.     Defendants deposed all 37 Plaintiffs.

8.     The parties analyzed data, documents, and testimony in an effort to discern each Plaintiff's approximate dates of employment, number of hours they worked, as well as the fines, fees, and tip outs Plaintiffs paid.  This included front door and VIP room sign in/out sheets, 1099s, permit dates, independent contractor agreements, and testimony and information provided by Plaintiffs.

9.     The parties engaged in mediation on date with a local mediator which was not successful.

2

10.     On December 14, 2016, the Court set the case for a January 17, 2017 trial date, the same day that Plaintiffs' Counsel was scheduled to try another case in this court with the Honorable Judge Steve C. Jones.

11.     Rather than request a continuance, two alternate attorneys from Plaintiffs' Counsel's office, Michele Fisher and Robert Schug, prepared the case for trial.

12.     In addition to preparing the pretrial submissions, several motions in limine, and a motion for a trial plan, Plaintiffs' Counsel traveled to Atlanta and prepared their trial witnesses.

13.     During trial preparation, the parties' counsel had several conversations about settlement. During those settlement discussions, Plaintiffs' Counsel renegotiated Plaintiffs damages and attorneys' fees separately, even suggesting Plaintiffs' Counsel petition separately for their fees.  On the eve of trial, January 16, 2017, the parties reached agreement on the terms of a settlement.  The parties agreed to a settlement of $1,360,000 to resolve this action, which is a fair and reasonable settlement in light of the disputed risks. The Court permitted the parties to place the terms of the settlement on the record on January 17th.

14.     Counsel for the parties at all times vigorously pursued their respective positions and the rights of their clients throughout the negotiations, engaged in

3

extended legal and factual analysis, discovery, damages analysis, trial preparation, and good faith, arms-length negotiations regarding settlement.

15.    Defendants did not keep accurate or complete records of Plaintiffs' dates of employment, days or hours worked, or the fines, fees, or tip-outs Plaintiffs paid to work.

16.    Plaintiffs analyzed each Plaintiffs' deposition testimony, and any available front door and VIP room sign in/out sheets, 1099s, permit dates, and independent contractor agreements to establish each Plaintiff's dates of employment.  They relied on each Plaintiff's deposition testimony regarding days and hours worked.

17.    Because fines were sporadic to non-existent for many Plaintiffs, $5 per shift was included for fines when calculating damages.

18.    The date each Plaintiff joined the case by filing a consent form with the Court was also used to determine the time worked that fell within the three-year statute of limitations under the FLSA.

19.    After the deduction of attorney's fees in the amount of $453,333.33 (one-third of the settlement) and litigation costs of $58,916.69, Plaintiffs will receive $847,749.98 for disbursement from the allocation fund.

20.    From the allocation fund, each Plaintiff's individual allocation was determined based on a formula that took into account the date his "opt-in" consent

form was filed with the Court, his length of employment as an entertainer within the three-year statute of limitations derived from the sources identified above, and each individual Plaintiff's estimate of days and hours worked (capped at four (4) days per week and seven (7) hours per day). In addition to these factors, a fines, fees, and tip-out figure of $43 per shift was applied for everyone. The settlement of $1,360,000 resulted in an amount for disbursement to Plaintiffs of $847,749.98 after the deduction of attorneys' fees and costs, which Plaintiffs' Counsel considered separately when negotiating the settlement.

21.     While the maximum damages amount relies on Plaintiffs' testimony of the hours and shifts they worked, although incomplete, the front door and VIP sign out records produced by Defendants provided compelling evidence that the hours and shifts worked per week were actually lower than estimated. This also played a significant role in the determination that the settlement amount for disbursement reached was fair and reasonable.

22.     The settlement funds were allocated on a pro rata basis based on these damage calculations.

23.     The total requested attorneys' fees of just under one-third of the total settlement amount is a reasonable contingency recovery for this case. Plaintiffs' Counsel took this case on a contingency basis, which provides for the payment of attorneys' fees in the amount of one-third of any settlement.

5

24.     Plaintiffs will be paying $6,025.43 of their attorneys' fee award to cover Plaintiff Randall Klimentz's settlement allocation.  Due to a typographical error in his consent filed date, he was inadvertently allocated $0.  When Plaintiffs realized this error, they calculated his *pro rata* allocation, which will be deducted from their attorneys' fees.

25.     Paul Lukas ("Lukas"), who was the primary partner acting as lead counsel on this matter, garners close to 30 years of litigation experience, focusing almost exclusively on national wage and hour litigation over the past 17 years. Lukas has tried nearly 50 cases to verdict, including wage and hour collective actions, and is a frequent national speaker.

26.     Anna Prakash ("Prakash"), Tim Selander ("Selander") and Rebekah Bailey ("Bailey") were the primary associates on this case, with Selander moving from associate to partner in 2015, Prakash in 2016, and Bailey in 2017.  Prakash has been an attorney for 12 years, litigating wage and hour collective and class actions with the firm since 2009.  She has litigated and prevailed on several exotic dancer cases.  Selander's work has focused primarily on litigating FLSA class and collective actions for over 11 years.  Similarly, Bailey has been litigating wage and hour class and collective actions for 9 years, and is active in organizations and publications nationally.

27.     Michele Fisher ("Fisher") and Robert Schug ("Schug") stepped in to

6

try this case when it was set for trial the same day as the Magic City case that Lukas and Bailey are litigating.  Fisher is one of the managing partners at Nichols Kaster, PLLP, whose practice has focused primarily on large wage and hour class and collective action cases for sixteen years.  Fisher is well-known in the wage and hour community as she is the co-chair of the American Bar Association's Federal Labor Standards Legislation committee, the co-chair of the Practicing Law Institute's Wage & Hour Litigation & Compliance seminar, is a frequent speaker nationally on wage and hour topics, and has served as an editor and board member on the ABA's FLSA treatise, and an editor on the ABA's State Wage and Hour Law treatise.

28.     Schug has been litigating class and collective actions, including wage and hour matter, since 2006.  He previously served as the Director of Litigation at the Impact Fund and also worked briefly at a Minneapolis-based law firm on complex business litigation. Schug is a frequent speaker at national continuing legal education programs.

29.     More staff members worked on this matter than were included on the Attorney Fee Summary, but Plaintiffs' Counsel deducted their time as *de minimis* for purposes of this motion.

30.     Under the terms of the Settlement Agreement, the parties have allocated and are requesting approval for a service payment for the lead named

Plaintiff Henderson in the amount of $7,500.00, and the second named Plaintiff Olinde in the amount of $500.   This is in recognition of their time and agreement to pursue this case on behalf of themselves and others, and for the significant time and effort Plaintiff Henderson spent assisting Plaintiffs' Counsel through numerous meetings, calls and emails, mediation discussions, and time he dedicated to case and trial preparation through multiple meetings lasting several hours.   The parties also allocated $500 to each Plaintiff who met with Plaintiffs' Counsel to prepare for trial, which consisted of two in-person meetings and several phone calls and emails.

31.    True and correct copies of the following are attached as exhibits:

Exhibit A:   Settlement Agreement

Exhibit B:   Settlement Allocations

Exhibit C:   Revised Disbursements

Exhibit D:   Notice of Settlement Template

Exhibit E:   Signed Releases

Exhibit F:   Costs Summary

Exhibit G:   Attorney Fee Summary

Exhibit H:   Firm Resume

Exhibit I:   Paul Lukas website bio

Exhibit J:   Michele Fisher website bio

8

Exhibit K:   Rebecca Bailey website bio

Exhibit L:   Robert Schug website bio

Exhibit M:  Anna Prakash website bio


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Dated: March 3, 2017                    */s/ Michele R. Fisher*_____

9